Jos&eacute; A. Rodr&iacute;guez Rodr&iacute;guez, peticionario, *v.* Cingular Wireless y/o Cellular One et als., recurridos.

*N&uacute;mero:* CC-2001-771 *Resuelto:* 13 de agosto de 2003

*Agustín Díaz García, Rosalba Fourquet López* y *Rafael Fabre Carrasquillo*, abogados de la parte peticionaria; *Enrique Mendoza Méndez*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

*Lex deficere non potest in justitia exhibenda.*[1]

---

[1] La ley no puede fallar en dispensar justicia.

Tenemos la ocasión de resolver si en conformidad con lo dispuesto por la Regla 3.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, un demandante puede instar una causa de acción contra una corporación en cualquier distrito judicial donde ésta haga negocios y tenga un agente.

I

José A. Rodríguez Rodríguez (en adelante Rodríguez o el peticionario) trabajó desde finales de 1996 para la corporación CCPR Services, Inc. h/n/c Cingular Wireless (en adelante Cingular o la recurrida). El referido patrono realizaba negocios en Puerto Rico a través de varios agentes y en varias oficinas ubicadas en diversos pueblos de la isla, incluso el municipio de Ponce, donde Rodríguez residía.

Al inicio de las relaciones obrero-patronales entre Cingular y Rodríguez, se llevó a cabo una reunión en las oficinas principales de Cingular en Guaynabo, Puerto Rico, con el fin de llegar a un acuerdo de no competencia a favor de la corporación. Con la firma del acuerdo, Rodríguez se comprometió, entre otras cosas, a que si finalizaba la relación profesional entre ellos, no participaría en ningún negocio que compitiera con Cingular hasta pasado un año de terminada dicha relación.

Durante la referida relación obrero-patronal, Rodríguez llegó a ocupar las plazas de ejecutivo de ventas, vendedor corporativo y gerente de distrito. Eventualmente, el 18 de enero de 2001 Rodríguez fue notificado de su despido como empleado de Cingular sin que alegadamente hubiese mediado justa causa para ello.

Inconforme con lo sucedido, Rodríguez instó un procedimiento sumario de reclamación de salarios y despido injustificado contra Cingular ante el Tribunal de Primera Instancia, Sala Superior de Ponce. Al poco tiempo, el 22 de febrero de 2001 Rodríguez presentó otra demanda contra la misma corporación en el Tribunal de Primera Instancia

de Ponce. En esta segunda reclamación alegó haber sufrido daños y perjuicios contractuales y extracontractuales como consecuencia del despido y del contrato de no competencia, el cual entendía que era nulo.

Así las cosas, Cingular solicitó oportunamente el traslado de la segunda demanda a la Sala Superior del Tribunal en Bayamón, por entender que según la Regla 3.4 de Procedimiento Civil, *supra*, ésta era la sala judicial con competencia. Ello debido a que las partes habían acordado la relación profesional en cuestión en las oficinas principales de Cingular en Guaynabo, que estaban ubicadas en el distrito judicial de Bayamón. Por su parte, Rodríguez se opuso al traslado solicitado. Alegó que la sala judicial con competencia era la de Ponce debido a que Cingular hacía negocios y mantenía una oficina con varios agentes en dicho municipio.

El 1 de mayo de 2001, luego de escuchar los argumentos de las partes, el foro de instancia ordenó el traslado del pleito a la Sala de Bayamón. Determinó que las partes se habían obligado en Guaynabo y que en dicho municipio estaban ubicadas las oficinas principales de Cingular, por lo que al amparo de la aludida Regla 3.4 la sala con competencia era la de Bayamón.

Inconforme con el dictamen del foro de instancia, Rodríguez acudió en revisión al Tribunal de Circuito de Apelaciones. El 24 de agosto de 2001 el foro apelativo denegó la expedición del auto solicitado. En desacuerdo también con el dictamen del foro apelativo, el 1 de octubre de 2001 Rodríguez acudió ante nos mediante un recurso de *certiorari* y alegó en esencia que había errado el Tribunal de Circuito de Apelaciones al no ordenar el traslado del caso al distrito judicial de Ponce.

El 9 de noviembre de 2001 declaramos no ha lugar la petición de *certiorari* presentada por el peticionario.[2] El

---

[2] El Juez Asociado Señor Fuster Berlingeri hubiese expedido entonces.

18 de enero de 2002, en reconsideración, expedimos el auto de *certiorari* solicitado. El 7 de junio 2002 aceptamos la solicitud de *certiorari* del peticionario como su alegato. Cingular presentó el suyo el 10 de julio de 2002. Con el beneficio de la comparecencia de las partes, pasamos a resolver.

## II

A. *Competencia judicial*

■ Como es sabido, la competencia de las distintas Salas del Tribunal de Primera Instancia en asuntos de naturaleza civil se rige por las Reglas 3.1 a 3.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Dichas reglas tienen como finalidad establecer la ordenada tramitación de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada. *Lemar S.E. v. Vargas Rosado*, 130 D.P.R. 203, 207 (1992). Véase, además, Art. V, Sec. 2, Const. E.L.A., L.P.R.A., Tomo 1.

■ Por su parte, el concepto *competencia judicial* ha sido definido como " 'la manera en que se organiza, se canaliza el ejercicio de la jurisdicción que tiene el tribunal' ". *Lemar S.E. v. Vargas Rosado*, supra, pág. 207, citando a M.A. Velázquez Rivera, *Jurisdicción y competencia de los tribunales de Puerto Rico*, 48 (Núm. 1) Rev. Jur. U.P.R. 27, 29 (1979). También hemos indicado que se trata de la " '[a]ptitud de una autoridad pública para otorgar actos jurídicos ... [o] el poder reconocido a una jurisdicción para instruir y juzgar un proceso' ". (Énfasis suprimido.) *In re Reforma Judicial*, 136 D.P.R. 1, 14 (1994), citando a H. Capitant, *Vocabulario Jurídico*, Buenos Aires, Eds. Depalma, 1961, pág. 132. En esencia, el fin perseguido a través de las reglas de competencia, al igual que las de traslado, es promover "la mejor distribución de los casos y

asuntos a través del sistema, procurando así una más eficiente utilización de los recursos y vela[r] más cabalmente po[r q]ue se haga justicia". *Vives Vázquez v. E.L.A.*, 142 D.P.R. 117, 130 (1996).

■ La importancia de las normas de competencia no puede menospreciarse, ya que la "inobservancia injustificada de estas normas 'puede conducir a la anarquía y resultar en detrimento de 'una solución justa, rápida y económica de todo procedimiento' ". *Vives Vázquez v. E.L.A.*, supra, pág. 130. Es debido a su importancia en la consecución de una eficiente administración de la justicia, que la Regla 3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece cuáles son las salas en las que, de ordinario, se deben presentar y tramitar las causas. A esos efectos, la referida regla atribuye la correspondiente *competencia judicial* a base de la ubicación de bienes inmuebles, del lugar donde haya surgido la causa de acción o de *la residencia de las partes*, entre otras consideraciones. Véase *Vives Vázquez v. E.L.A.*, supra.

Es precisamente este último supuesto, el de la residencia de las partes, el que aquí nos concierne. A esos efectos, el profesor Hernández Colón ha señalado sobre el particular que:

> El legislador ha querido darle cierta preferencia al demandado para que no se le someta a pleitos en un lugar apartado de su residencia. Se obliga al demandante a acudir al lugar donde reside el demandado. R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, San Juan, Michie de Puerto Rico, 1997, pág. 53.

No obstante, dicho principio general sufre dos grandes excepciones. La primera excepción ocurre en los casos de reclamaciones de salarios y de alimentos, los cuales, según la Regla 3, *supra*, se tramitarán en la sala correspondiente a la residencia del demandante. La otra gran excepción se

da en los casos en los que se demanda a una corporación.[3] Veamos.

B. *Residencia legal de las corporaciones para efectos de competencia judicial*

■ La Regla 3.4 de Procedimiento Civil, *supra*, establece, entre otras cosas, los lugares que han de ser considerados como la residencia legal de las corporaciones demandadas para determinar la competencia judicial. La referida regla ofrece a los demandantes varias alternativas para que éstos puedan seleccionar, a su conveniencia, el distrito judicial en el que deseen instar una acción judicial contra una corporación. Dicha regla, en lo pertinente, establece:

> *Regla 3.4. Pleitos según la residencia de las partes*
> ... En caso de que sean comerciantes, sociedades, corporaciones y asociaciones que tuvieran oficina o *agente* en diferentes lugares, podrán ser demandados en la sala del lugar en que tuvieren su centro de operaciones, oficina principal o *agente*, o en el lugar en que se hubieren obligado. (Énfasis suplido.)

■ De su claro sentido literal, es evidente que en casos de corporaciones como la que aquí nos concierne, que tienen oficina o agente en diferentes lugares, éstas pueden ser demandadas en cualquiera de varias salas del Tribunal de Primera Instancia, a saber: (1) en la sala del lugar en que tuvieren su centro de operaciones u oficina principal; (2) en la sala del lugar donde tuvieren agente, o (3) en la sala del lugar en que se hubieren obligado.

La regla antes citada recoge esencialmente lo que antes disponían los Arts. 78 y 81 del Código de Enjuiciamiento

---

[3] Para efectos de la presente opinión, cuando nos referimos a corporaciones en el contexto de la Regla 3.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, nos referimos también a los comerciantes, sociedades y asociaciones.

Civil de 1933.([4]) Véase J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS, 2000, T. I, pág. 124. En lo aquí pertinente, el referido Art. 78 (1934 Leyes de Puerto Rico 475), establecía:

> La residencia legal de los comerciantes, sociedades, corporaciones y asociaciones a todos los fines legales será el pueblo donde tuvieren su centro de operaciones u oficina principal. Los comerciantes, sociedades, corporaciones y asociaciones que tuvieren oficina *o agente en diferentes distritos judiciales, podrán ser demandados en cualquiera de dichos distritos*, o en el que se hubieren obligado, a elección del demandante. (Énfasis suplido.)

Al comparar las disposiciones legales antes expuestas podemos notar que existe una gran similitud entre el texto de la disposición anterior y la actual. Debido a ello, podemos colegir que la intención del legislador al promulgar la regla bajo estudio es la misma que tuvo al promulgar el antiguo Art. 78, *supra*. A esos efectos, resulta pertinente en el análisis de la citada regla lo que anteriormente expresamos en *De la Rosa v. Puerto Rico Motors*, 58 D.P.R. 341 (1941), sobre la intención del legislador al promulgar el Art. 78, *supra*.

En *De la Rosa v. Puerto Rico Motors*, supra, señalamos que al legislador le parecía más justo que un demandante tuviera a su elección someter a una corporación a cualquier distrito judicial en el que ésta extendiera a su conveniencia sus negocios por medio de oficinas o agentes por los varios distritos judiciales de Puerto Rico, que tener que obligar a dicho demandante a tramitar su pleito en el distrito de la residencia de la corporación a voluntad de ésta. Es decir, el legislador ha entendido que del mismo modo que una corporación tiene la capacidad y la disposición para extender sus negocios a través de sus agentes hasta varios distritos judiciales, ésta puede defenderse de

---

([4]) Los Arts. 78 y 81 del Código de Enjuiciamiento Civil de 1933 fueron derogados por la Regla 72 de Procedimiento Civil de 1958.

una reclamación judicial instada en cualquiera de dichos distritos. Ello se justifica sobre todo en vista de que la corporación se encuentra voluntariamente en dicho distrito judicial, movida por un ánimo de lucro, sumado al hecho de que las corporaciones generalmente "cuentan con mayores y mejores medios para defender sus asuntos ante cortes lejanas que las personas particulares ...". Íd. págs. 344–345.

Cónsono con lo anterior, el profesor Hernández Colón ha señalado en referencia a la Regla 3.4, *supra,* que éste responde a que el legislador ha estimado que las corporaciones generalmente tienen mayores recursos que las partes que las demandan. Hernández Colón, *op. cit.,* pág. 53. Para dicho autor, la regla aquí en controversia se fundamenta en criterios de justicia y consideración hacia las partes demandantes, las que se consideran menos aventajadas económicamente que las corporaciones demandadas. De modo, pues, que para el profesor Hernández Colón la regla actual permite que las corporaciones "pued[a]n ser demandadas, o en el lugar en que se obligaron, *o en cualquier distrito judicial en que tuvieren agente,* o en el de su oficina principal, a elección del demandante ...". Ello debido a que "[p]or ficción jurídica se extiende el domicilio del demandado corporativo a los lugares donde se obliga o *donde tiene su agente* (R. 3.4 1979)". Íd.[5]

En resumen, pues, la Regla 3.4 establece cuál será la residencia legal de las corporaciones para poder determinar los lugares en los cuales se puede instar una reclamación contra una corporación. De acuerdo con ello, la referida regla requiere que se satisfaga al menos uno de los siguientes supuestos, los que dependen del lugar en el que la corporación: (1) se haya obligado; (2) tenga su centro de operaciones; (3) tenga su oficina principal, o (4) donde tenga un agente. Evidentemente, el fin social detrás de la referida regla es darle a las partes demandantes la opción

---

[5] "The legislature has the power to declare the residence of corporations for purposes of suit." 19 Am Jur 2d, Corporations Sec. 2183 (1986).

de escoger el lugar que les resulte menos oneroso para llevar sus reclamaciones contra una corporación.

 De lo anterior se desprende que la regla en controversia ofrece a los demandantes más alternativas para que éstos puedan instar a su conveniencia sus reclamos contra las corporaciones. A esos efectos, la regla debe interpretarse de forma liberal para dar paso al propósito que la inspira. En consecuencia, erró el tribunal de instancia al interpretar dicha regla restrictivamente, equiparando los términos "centro de operaciones", "oficina principal" y "agente". Dichos términos no son equivalentes. Aunque con respecto a algunas corporaciones los lugares referidos pueden coincidir como cuestión de hechos, los términos aluden a funciones y actividades corporativas de distinta índole que en muchas corporaciones se llevan a cabo en diferentes lugares. Así pues, el término "oficina principal", en el contexto corporativo, se refiere a la oficina designada de la corporación o a la casa matriz o central. Véase C.E. Díaz Olivo, *Corporaciones*, San Juan, Publicaciones Puertorriqueñas, 1999, pág. 70; G. Cabanellas y otros, *Butterworth Spanish/English Legal Dictionary*, Austin, Butterworth Legal Pubs., 1991, Vol. I, pág. 491. Sin embargo, la palabra "agente" de la Regla 3.4, *supra*, como veremos más adelante, se refiere más bien a aquella persona que realiza negocios a nombre de otra, lo cual evidentemente denota un significado mucho más amplio y abarcador que el término "oficina designada" o "agente residente" de la corporación.

C. *El término "agente" en casos de competencia judicial*

En el caso de autos, el Tribunal de Circuito de Apelaciones resolvió que el término "agente" utilizado en la Regla 3.4, *supra*, se refería al "agente residente" de la Ley General de Corporaciones, 14 L.P.R.A. sec. 2601 *et seq.* No tiene razón.

 Como es sabido, el término "agente" se considera

un concepto sumamente amplio que incluye a muchas clases de personas. Véase *De la Rosa v. Puerto Rico Motors*, supra. De ordinario, dicho término alude a personas que realizan gestiones a nombre de otras. En ocasiones lo hemos descrito como "aquél que autorizado por otro, se compromete a llevar a cabo algún negocio o a administrar algún asunto por cuenta de esa otra persona y a rendir cuentas del mismo". Véanse: *De la Rosa v. Puerto Rico Motors*, supra, pág. 345; *Schwartz v. Tribl. de Distrito*, 73 D.P.R. 856, 875 (1952); *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 60 (D.Mo.1993) ("agent is 'a person authorized by another to act for him, one [e]ntrusted with another's business' "); *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 201 (D.Mo.1991); *Black's Law Dictionary*, 7ma ed., St. Paul, West Group, 1999, pág. 64 ("One who is authorized to act for or in place of another; a representative").

■ Por su parte, el término "agente residente" de la Ley General de Corporaciones significa aquella "persona a quien se diligencian los emplazamientos y se le remiten otros documentos dirigidos a la corporación". Díaz Olivo, *op. cit.*, pág. 70. Véase, además, 14 L.P.R.A. sec. 2682.

Sin embargo, a pesar de que un "agente" puede hacer negocios a nombre de una corporación y que se entiende que puede recibir emplazamientos a nombre de ésta,([6]) esa misma situación no siempre ocurre en el caso del "agente residente", pues éste puede recibir emplazamientos a nombre de la corporación, pero no necesariamente puede hacer negocios a nombre de ésta.([7])

A esos efectos, resulta evidente que la palabra "agente" tiene un significado mucho más amplio que contrasta con el significado limitado de la palabra "agente residente" uti-

---

([6]) "En la medida que [una persona] esté autorizada a actuar y a hacer negocios por y a nombre de la corporación, también se entenderá que está capacitada a recibir emplazamientos por ésta." C.E. Díaz Olivo, *Corporaciones*, San Juan, Publicaciones Puertorriqueñas, 1999, pág. 72.

([7]) "[Agente residente p]uede ser cualquier persona ... que esté relacionada o no con las operaciones de la corporación." Íd., pág. 71.

lizado en la Ley General de Corporaciones. Como pudimos observar, para fines de la citada Regla 3.4, un "agente" no es aquel que ha sido meramente designado para recibir emplazamientos a nombre de una corporación, sino quien tiene una función mucho más abarcadora, pues se le ha encomendado realizar gestiones a nombre de otro. Además, el término "agente" de la Regla 3.4 no se puede referir al término "agente residente" de la Ley General de Corporaciones. Puesto que dicha ley sólo aplica a las corporaciones, sólo a éstas se les exige tener un "agente residente". Nótese sin embargo, que la referida Regla 3.4 no sólo hace mención de las corporaciones, sino también de los comerciantes, sociedades y asociaciones. En consecuencia, equiparar el término "agente residente" de la Ley General de Corporaciones con la palabra "agente" de la Regla 3.4, *supra*, sería interpretar este último término fuera de su contexto y, por lo tanto, erróneamente.

Más aún, es de notar que la citada Regla 3.4 utiliza un lenguaje permisivo y no restrictivo, por lo que no vemos razón para interpretar el término "agente" limitadamente o para equipararlo al término "agente residente". Hacer lo contrario sería desvirtuar el claro propósito de dicha regla, que no es otro que darle más opciones al demandante para llevar su reclamación contra una corporación.

En consecuencia, erró el Tribunal de Circuito de Apelaciones al equiparar el término "agente" de la referida Regla 3.4 con el término "agente residente" de la citada Ley General de Corporaciones.

### III

Los principios expuestos antes no sólo rigen en nuestro ordenamiento, sino que también prevalecen igualmente en muchos estados de la Unión americana, de donde proceden los nuestros. A modo de ejemplo, podemos señalar que en el

estado de Missouri el estatuto de competencia permite que una corporación pueda ser demanda en cualquier lugar donde tenga un agente. Además, allí se utiliza la palabra "agente" en términos amplios, diferenciados del término "agente residente". El referido estatuto, en lo pertinente, dispone como sigue:

*Sec. 508.040. Suits Against Corporations, where commenced*
Suits against corporations shall be commenced either in the county where the cause of action accrued ... or *in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.* Mo. Rev. Stat. 508.040 (Énfasis suplido.)

Sobre la diferencia entre el término "agente residente" y "agente" un autor ha expresado:

[T]he term "agent" in the venue statute applies to *any one authorized by the corporation to act for the corporation, not merely the registered agent* and, indeed, authorizes venues in a county other than the county wherein the registered agent is located. (Énfasis suplido.) J.R. Devine, *Missouri Civil Pleading and Practice*, Norcross, Ed. The Harrison Company, 1986, pág. 126.

Por su parte, el Tribunal Supremo de Carolina del Sur ha señalado que, para propósitos de competencia:

The residence of a defendant domestic corporation has been held to be (1) the county where its principal place of business is fixed by its charter, or (2) *any county where it has and maintains a place of business or an agent engaged in conducting and carrying on the business for which it exists.* (Énfasis suplido.) *Lucas v. Atlantic Greyhound Fed. Credit Union*, 231 S.E.2d 302, 303 (D.S.C.1977). Véase, además, *Morris v. Peoples Baking Co.*, 5 S.E.2d 286 (D. S.C. 1939).

Igualmente, en el estado de Texas se permite llevar un pleito contra una corporación privada en el distrito donde ésta tenga un agente o un representante. Véase V.T.C.A.,

*Civil Practice & Remedies Code* Sec. 15.094.([8]) Otros estados con disposiciones bastante similares a las anteriormente discutidas lo son Iowa y Alabama. A esos efectos, véanse: I.C.A. Sec. 616.14 (West 1999); Ala. Code 1975 Sec. 6–3–7 (Supp.2002). Véase, además, 19 C.J.S. Corporations Sec. 717(d)(1990).([9])

## IV

Al aplicar la normativa antes reseñada al caso de autos resolvemos que, en conformidad con lo dispuesto en la Regla 3.4, *supra*, la sala con competencia en este caso es la de Ponce debido a que, como mencionamos anteriormente, la recurrida tiene una oficina en dicho municipio y realiza negocios allí a través de varios agentes. A esos efectos, se revoca la sentencia del Tribunal de Circuito de Apelaciones por resolver de modo contrario a lo antes expuesto y se ordena el traslado del pleito a la Sala Superior de Ponce.([10])

## V

Por los fundamentos antes expuestos, *procede que se dicte sentencia para revocar el dictamen emitido por el foro apelativo el 24 de agosto de 2001 y ordenar el traslado del caso de autos a la Sala Superior de Ponce. Se devuelven los autos al tribunal de instancia para que continúen los procedimientos conforme con lo resuelto aquí.*

---

([8]) "A suit against a private corporation ... may be brought in the county and precinct in which: ... (2) the corporation ... has an agency or representative...."

([9]) "Under a statute so providing, an action against a corporation may be brought in a county where it transacts business, has an agency or representative, or does business by agent or has an agency for the transaction of business." (Notas omitidas.)

([10]) Además, resulta poco probable que la recurrida tenga problemas para defenderse de la presente reclamación en el distrito judicial de Ponce, pues, como pudimos observar, ésta tiene que defenderse allí de la primera reclamación instada por Rodríguez sobre salarios y despido injustificado.

El Juez Asociado Señor Rebollo López disintió sin opinión. El Juez Presidente Señor Andréu García y el Juez Asociado Señor Corrada Del Río no intervinieron.