El Juez Asociado Señor Kolthoff Caraballo
emitió la opinión del Tribunal.
Mediante el presente caso interpretamos la reciente Ley Núm. 18-2013,(1) que introdujo importantes enmiendas a la Ley Núm. 161-2009,(2) conocida como Ley para la Reforma del Proceso de Permisos de Puerto Rico.
Este caso nos brinda la oportunidad de aclarar el alcance de los Arts. 7 y 15 de la Ley Núm. 18-2013,(3) en cuanto a qué tribunal tiene competencia para atender los recursos de revisión judicial de una resolución emitida por la Junta Revisora de Permisos y Uso de Terrenos (Junta Revisora).
*232 I
El 13 de marzo de 2013, la Oficina de Gerencia de Permisos (OGPe) aprobó un permiso de construcción solicitado por Horizon Media Corporation (Horizon o peticionario), para la construcción de una valla digital ubicada en la Ave. Baldorioty de Castro, Esq. calle Palacios Núm. 212, en el Municipio Autónomo de San Juan. Horizon alegó que a principios de 2013 solicitó ese permiso como parte de los procesos de mantenimiento. Argüyó que lo que en realidad solicitaba era una enmienda al permiso de construcción Núm. 01CX2-000000-02280, expedido en el 2001 por la Administración de Reglamentos y Permisos de Puerto Rico (ARPe), para un cambio en el tamaño de la valla.
Por otro lado, RA Holdings, Inc. (RA Holdings o recurrido) expresó que en el 2008 ARPe aprobó un permiso de construcción para una valla publicitaria ubicada en la calle Gautier Benitez, Bo. Villa Palmeras en Santurce, calle contigua a la Ave. Baldorioty de Castro. RA Holdings explicó que al momento de la aprobación de este permiso no había instalada valla publicitaria alguna en la propiedad de Horizon. Alegó que el 19 de marzo de 2013 se percató de la presencia de materiales para la construcción de una valla publicitaria en la propiedad del peticionario. Así las cosas, RA Holdings acudió a OGPe y obtuvo un certificado de permiso de construcción el cual revelaba que la valla publicitaria del peticionario se encontraba a solo 332.87 pies de distancia de su valla publicitaria, esto en clara violación al Reglamento Conjunto de Permisos para Obras de Construcción y Uso de Terrenos que establece que debe haber una distancia de 500 pies entre anuncios ubicados en vías del National Highway System.(4)
De acuerdo con esto e inconforme con la expedición del permiso, el 27 de marzo de 2013 RA Holdings presentó un *233 recurso de revisión administrativa ante la Junta Revisora. El 16 de abril de 2013, la Junta Revisora celebró una vista pública. RA Holdings argumentó que cuando Horizon presentó la solicitud de permiso de construcción no había valla publicitaria instalada, ya que esta había sido demolida o desmontada y, por lo tanto, la solicitud del peticionario tenía que ser considerada como una solicitud para un nuevo permiso de construcción.
Luego de evaluar toda la prueba, el 19 de julio de 2013, la Junta Revisora revocó el permiso de construcción aprobado por OGPe. Inconforme, Horizon presentó una moción de reconsideración. No obstante, el 29 de agosto de 2013, la Junta Revisora emitió una resolución en la cual declaró “no ha lugar” la moción. En la resolución le advirtió a las partes que, según la Ley Núm. 161-2009, supra, la parte adversamente afectada tenía treinta días para presentar su recurso de “certiorari” ante el Tribunal Supremo.
Así las cosas, el 30 de septiembre de 2013 Horizon compareció ante esta Curia mediante el recurso de certiorari que nos ocupa. Vista su solicitud, y según la Regla 50 del Reglamento del Tribunal Supremo,(5) resolvemos que pro-cede transferir el caso de autos a la Secretaría del Tribunal de Apelaciones. Veamos.
II
A. Jurisdicción unificada
La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.(6) Así, en toda situación jurídica presentada ante un foro adjudicativo, lo primero que se debe examinar *234 es el aspecto jurisdiccional(7) Ante este hecho, esta Curia ha reiterado que “los entes adjudicativos debemos ser celosos guardianes de nuestra jurisdicción, examinando la misma, no empece el asunto no haya sido planteado anteriormente”(8)
Ahora bien, el Art. V, Sec. 2 de nuestra Constitución establece que nuestros tribunales constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración.(9) El informe de la Comisión de la Rama Judicial de la Convención Constituyente expresó que “[e]sta sección establece la completa unificación de los tribunales de Puerto Rico. La unificación de los tribunales produce, entre otros efectos, la eliminación de problemas técnicos de jurisdicción”.(10)
Así las cosas, en Freire Ayala v. Vista Rent, 169 DPR 418, 441 (2006), explicamos que
[d]esde la aprobación de la Constitución del Estado Libre Asociado de Puerto Rico en 1952 y la Ley de la Judicatura de ese mismo año, nuestros tribunales dejaron de funcionar como células u órganos separados e independientes. A partir de ese momento, pasaron a formar una sola organización, un solo conjunto, un tribunal único, bautizado con el nombre de Tribunal General de Justicia, hoy compuesto por el Tribunal Supremo, el Tribunal de Apelaciones y el Tribunal de Primera Instancia. (Enfasis nuestro).
Además, enfatizamos que el propósito de crear la jurisdicción unificada fue para
[...] eliminar el oscuro concepto de “jurisdicción”, causa de que se frustrase en muchos casos, por la fijación de rígidas fronteras *235 artificiales, la causa de la justicia. La Ley de la Judicatura evitó cuidadosamente utilizar dicho concepto, sustituyéndolo por el de “competencia”. Dentro de la teoría de un sistema unificado, cualquier parte del sistema tiene jurisdicción para resolver una causa. El volumen de trabajo, no obstante, se distribuye mediante reglas flexibles de competencia. (Enfasis nuestro).(11)
A la luz de este principio constitucional, cuando un caso se presenta ante una sala sin competencia, el asunto deberá ser transferido a la sala competente y no podrá ser desestimado por falta de competencia.(12) Así, las reglas de competencia establecen la tramitación ordenada de los asuntos judiciales en nuestro sistema de jurisdicción unificada.(13) Esto se debe a que competencia es la manera como se organiza y se canaliza el ejercicio de la jurisdicción que tiene el tribunal.(14)
Ahora bien, este Tribunal ha expresado que cuando una agencia administrativa no advierte adecuadamente a las partes acerca del foro al cual deben acudir en revisión judicial, no se puede perjudicar a la parte por haber acudido al foro incorrecto, porque esto sería permitir que la agencia se beneficie de actuaciones administrativas que inducen a error a la parte notificada.(15) Así las cosas, a una parte que no fue notificada adecuadamente de su derecho de revisión, no se le pueden oponer los términos para recurrir.(16) Hemos reconocido en estos casos de notificaciones erróneas relacionados con la revisión de una determi *236 nación administrativa, que se le debe conceder tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde o atender el recurso de revisión ya presentado, siempre que no haya mediado incuria.(17) La doctrina de incuria se ha definido como “dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad”.(18)
Pasemos entonces a analizar la Ley Núm. 161-2009, supra, y las enmiendas realizadas por la Ley Núm. 18-2013, supra, para determinar si este Tribunal tiene competencia en este caso.
B. Ley Núm. 161-2009
La Ley Núm. 161-2009, supra, fue creada el 1 de diciembre de 2009 para establecer el marco legal y administrativo que regiría la solicitud, evaluación, concesión y denegación de permisos de uso y de construcción y desarrollo de terrenos por parte del Gobierno de Puerto Rico.(19) Mediante esta ley, se creó la OGPe, entidad encargada de la evaluación, concesión o denegación de determinaciones finales y permisos relativos al desarrollo y el uso de terrenos.(20)
A su vez, esta ley derogó la Ley Núm. 76 de 24 de junio de 1975, según enmendada, conocida como la Ley Orgánica de la Administración de Reglamentos y Permisos. En particular, el Art. 19.10 de la ley dispuso que la Ley Núm. 76, supra, se derogará “al año de entrar en vigor esta ley”. Esto se debió a que, a pesar de que la Ley Núm. 161-2009, supra, entró en vigor inmediatamente el 1 de diciembre de 2009, se *237 estableció un periodo de transición de un año para que la agencia adoptara aquellas medidas necesarias para la transferencia ordenada sin que se afectaran los servicios.
Por su parte, esta ley modificó el foro con competencia para atender las revisiones de las decisiones de la Junta Revisora. Conforme a lo anterior, mientras estuvieron vigentes los estatutos y reglamentos previos a la aprobación de la Ley Núm. 161-2009, supra, la revisión de las determinaciones de la Junta de Apelaciones sobre Construcciones y Lotificaciones (Junta de Apelaciones), organismo que antecedió a la Junta Revisora, se hacía en virtud de lo dispuesto por la See. 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme (LPAU).(21) Esa disposición específicamente establece que una parte adversamente afectada por una determinación final de la agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones en el término de treinta días del archivo en autos de la copia de la notificación de la decisión.
Sin embargo, con la aprobación de la Ley Núm. 161-2009, supra, se creó el Art. 13.1,(22) el cual disponía lo siguiente:
Cualquier parte adversamente afectada por una resolución de la Junta Revisora tendrá treinta (30) días naturales para presentar su recurso de certiorari ante el Tribunal Supremo. El término aquí dispuesto es de carácter jurisdiccional. Si el Tribunal Supremo así lo solicita, la Junta Revisora elevará al Tribunal Supremo los autos del caso, dentro de los diez^ (10) días naturales siguientes a la presentación del recurso. (Énfasis nuestro).
Por lo tanto, a partir de 1 de diciembre de 2009, toda persona inconforme con la decisión de la Junta Revisora y que deseara ejercer su derecho a revisión tenía que acudir mediante recurso de certiorari ante este Tribunal y no ante el Tribunal de Apelaciones.
*238 C. Ley Núm. 18-2013
Recientemente la Asamblea Legislativa aprobó la Ley Núm. 18-2013 con el propósito de revisar la competencia original y apelativa de este Tribunal. Según la Exposición de Motivos de esta ley, los legisladores entienden que los casos deben seguir su curso ordinario, agotándose todos los procedimientos apelativos antes de que sean atendidos por esta Curia.
Con la aprobación de esta ley se realizaron varias enmiendas a la Ley Núm. 161-2009, supra, referentes a materia de jurisdicción y competencia. En lo pertinente al caso de autos, el Art. 7 de esta nueva ley enmendó el Art. 13.1 de la Ley Núm. 161-2009, supra. Este nuevo artículo dispone que
[c]ualquier parte adversamente afectada por una resolución de la Junta Revisora tendrá treinta (30) días naturales para presentar su recurso de revisión de decisión administrativa ante el Tribunal de Apelaciones. El término aquí dispuesto es de carácter jurisdiccional. Si el Tribunal de Apelaciones así lo solicita, la Junta Revisora elevará al Tribunal de Apelaciones los autos del caso, dentro de los diez (10) días naturales siguientes a la presentación del recurso. (Énfasis nuestro). 23 LPRA see. 9023.
Como podemos observar, el artículo mencionado enmendó el Art. 13.1 de la Ley Núm. 161-2009, supra, para disponer que la parte adversamente afectada por una resolución de la Junta Revisora que interese presentar un recurso de revisión debe presentarlo ante el Tribunal de Apelaciones y no ante este Tribunal como se establecía antes.
Debido a que esta enmienda incide sobre qué foro tiene competencia para atender los recursos de revisión, es importante conocer desde cuándo esta ley tiene efecto y a qué casos aplica la enmienda. Así las cosas, al analizar la Ley Núm. 18-2013, supra, podemos observar que el legislador dispuso en el Art. 15 que la ley comenzaría a regir inmediatamente después de su aprobación, es decir, el 15 *239 de mayo de 2013, y aplicaría a todos los casos pendientes ante el Tribunal General de Justicia. No obstante, los recursos apelativos que se presentaron con anterioridad a la vigencia de la ley, se regirían por el ordenamiento procesal vigente al momento de su presentación, o sea, el ordenamiento anterior.(23)
Reconocemos que este artículo ha creado gran confusión en la Junta Revisora, en cuanto a qué foro tiene competencia para atender las revisiones judiciales de los casos que ya se encontraban ante su consideración cuando entró en vigor la ley. Por ello, es necesario aclarar el alcance de los Arts. 7 y 15 de la Ley Núm. 18-2013, supra. Veamos.
Al analizar la Ley Núm. 18-2013, supra, vemos que el legislador la creó con la intención de que este Tribunal se dedique a servir como órgano de revisión o de apelación y no como un Tribunal de Primerd Instancia,(24) en lo que atañe exclusivamente a los procesos en que se otorgan permisos. Por esta razón, entendió necesario enmendar el Art. 13.1 de la Ley Núm. 161-2009, supra, para que el recurso de revisión de la decisión administrativa sea presentado ante el Tribunal de Apelaciones y no ante esta Curia. Al analizar el Art. 7 de la Ley Núm. 18-2013, supra, podemos observar que su letra es clara y libre de toda ambigüedad. No existe duda del propósito del artículo y, por lo tanto, no debe ser materia de interpretación bajo el pretexto de cumplir con su espíritu.(25) Por consiguiente, no tenemos que entrar a analizar detenidamente la intención legislativa al crear este artículo.
Por otro lado, el Art. 15 de la Ley Núm. 18-2013, supra, ha creado confusión en cuanto a qué casos le aplican las enmiendas establecidas en la ley. Así las cosas, por la falta *240 de claridad tenemos que analizar la letra del artículo junto a la intención del legislador al redactarlo.
Como mencionamos esta ley comenzó a regir inmediatamente luego de su aprobación. Quiere decir que las enmiendas realizadas a la Ley Núm. 161-2009, supra, se hicieron efectivas a partir de 15 de mayo de 2013. Según el Art. 15 de la Ley Núm. 18-2013, supra, estas enmiendas le aplicarían a todos los casos que se encontraban pendientes ante el Tribunal General de Justicia. Ahora bien, al analizar la ley y el Informe Positivo del Senado de 10 de mayo de 2013(26) podemos observar que varios artículos van dirigidos a enmendar la Ley Núm. 161-2009, supra,. Así, cuando el legislador dispuso que la ley aplicaría a los casos pendientes en los tribunales, se refería también a casos pendientes ante la OGPe y la Junta Revisora. Por lo tanto, las enmiendas de la Ley Núm. 18-2013, supra, aplican a todas las solicitudes de permiso de construcción que se habían presentado ante OGPe o que se encontraban ante la consideración de la Junta Revisora antes de 15 de mayo de 2013.
Por otro lado, el legislador expresamente dispuso que estas enmiendas no le aplicarían a los recursos apelativos presentados antes de la vigencia de la ley, es decir, antes de 15 de mayo de 2013. Por consiguiente, y en lo pertinente al caso de autos, todos los casos que, según el Art. 13.1 de la Ley Núm. 161-2009, supra, se habían presentado ante esta Curia antes de 15 de mayo de 2013, permanecerían rigiéndose por el ordenamiento procesal anterior.
*241 Por lo anterior, queda claro que la intención del legislador con esta ley fue hacer viable la función de este Tribunal como tribunal de última instancia, sin embargo creó esta excepción para mantener una estabilidad en los casos pendientes ante esta Curia.
Por lo tanto, al analizar la Ley Núm. 18-2013, supra, podemos apreciar que la intención del legislador fue que aplicara a todos los casos regidos por la Ley Núm. 161-2009, supra, excepto los que ya se encontraban ante nuestra consideración.
III
Horizon solicitó una enmienda a un permiso de construcción de una valla publicitaria a principios de 2013. Inconforme con la expedición del permiso, el 27 de marzo de 2013, RA Holdings presentó un recurso de revisión administrativa ante la Junta Revisora. Cabe señalar que para esta fecha aún no se había aprobado la Ley Núm. 18-2013, supra. Sin embargo, el 29 de julio de 2013, es decir, dos meses después de aprobada esta ley, la Junta Revisora revocó el permiso de construcción y, el 29 de agosto de 2013 emitió una resolución en la que declaró “no ha lugar” la moción de reconsideración. Por lo tanto, la Ley Núm. 18-2013, supra, fue aprobada mientras el caso de autos se encontraba bajo la consideración de la Junta Revisora.
Cuando se aprobó esta ley el caso se encontraba pendiente ante la Junta Revisora y aún no se había presentado el recurso apelativo ante este Tribunal. Así las cosas, la Junta Revisora tenía que aplicar las enmiendas de la Ley Núm. 18-2013, supra, a este caso y notificar que la parte adversamente afectada podía acudir ante el Tribunal de Apelaciones y no ante este Tribunal. Esto pues, con la aprobación de la nueva ley, este foro perdió competencia para atender los recursos apelativos que se presenten de una revisión de la Junta Revisora luego del 15 de mayo de 2013.
*242 IV
Por los fundamentos que anteceden y según la Regla 50 del Reglamento del Tribunal Supremo, supra, expedimos el auto de “certiorari” solicitado y debido a que no hubo incuria por parte del peticionario, se ordena la transferencia del caso de nuestra Secretaría a la Secretaría del Tribunal de Apelaciones de acuerdo con lo señalado en esta Opinión.

Se dictará sentencia de conformidad.

La Jueza Presidenta Señora Fiol Matta, la Juez Asociada Señora Rodríguez Rodríguez y la Jueza Asociada Oronoz Rodríguez concurrieron con el resultado sin opinión escrita.

 4 LPRA sec. 23s y 23 LPRA secs. 9011, 9022c, 9022d, 9022f y 9023-9023Í.

 23 LPRA sec. 9011 et seq.

 23 LPRA sec. 9023 y 4 LPRA sec. 23s.

 Regla 29.12.2(b)(2) del Reglamento Núm. 7951 del 30 de noviembre de 2010.

 4 LPRAAp. XXI-B.

 Cordero et al. v. ARPe et al., 187 DPR 445, 456 (2012); Shell v. Srio. Hacienda, 187 DPR 109, 122 (2012); Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403 (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011).

 Cordero et al. v. ARPe et al., supra, pág. 457; Cruz Parrilla v. Depto. Vivienda, supra.

 Cordero et al. v. ARPe et al., supra, pág. 457; Cruz Parrilla v. Depto. Vivienda, supra.

 Art. V, Sec. 2, Const. ELA, LPRA, Tomo 1, ed. 2008, pág. 412.

 4 Diario de Sesiones de la Convención Constituyente 2609-2610 (Edición Conmemorativa 2003). Véase, además, Freire Ayala v. Vista Rent, 169 DPR 418, 433 (2006).

 Freire Ayala v. Vista Rent, supra, pág. 434, citando a J. Trías Monge, El Sistema Judicial de Puerto Rico, San Juan, Ed. Universitaria, 1978, pág. 136.

 Polanco v. Tribunal Superior, 118 DPR 350, 354 (1987).

 Alvarado Pacheco y otros v. ELA, 188 DPR 594, 615 (2013); Cosme v. Hogar Crea, 159 DPR 1, 19 (2003) (opinión de conformidad emitida por la Jueza Asociada Señora Naveira, a la que se unió el Juez Asociado Señor Corrada del Río).

 Rodríguez v. Cingular, 160 DPR 167, 172 (2003); Lemar S.E. v. Vargas Rosado, 130 DPR 203, 207 (1992).

 Molini Gronau v. Corp. PR Dif. Púb., 179 DPR 674, 686-687 (2010); Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1015 (2008); Carabarín et al. v. ARPe, 132 DPR 938, 958-959 (1993).

 Molini Gronau v. Corp. PR Dif. Púb., supra, pág. 687.

 Bomberos Unidos v. Cuerpo de Bomberos, 180 DPR 723, 762 (2011); Molini Gronau v. Corp. PR Dif. Púb., supra.

 Molini Gronau v. Corp. PR Dif. Púb., supra, pág. 687; Comisión Ciudadanos v. G.P. Real Property, supra, págs. 1020-1021; Aponte v. Srio. de Hacienda, E.L.A., 125 DPR 610, 618 (1990).

 Exposición de Motivos de la Ley Núm. 161-2009.

 23 LPRA sec. 9012d; Cordero et al. v. ARPe et al., supra.

 Cordero et al. v. ARPe et al., supra.

 23 LPRA sec. 9023.

 Art. 15 de la Ley Núm. 18-2013 (23 LPRA see. 9023).

 Exposición de Motivos de la Ley Núm. 18-2013.

 Art. 14 Código Civil de Puerto Rico, 31 LPRA sec. 14.

 E) Informe Positivo del Senado de 10 de mayo de 2013 sobre el P. del S. 367, 17ma Asamblea Legislativa, Ira Sesión Ordinaria, dispone que:
“Por último, con el P. del S. 367 también se propone enmendar la Ley 161-2009, para que sea el Tribunal de Apelaciones el foro que revise las actuaciones, determinaciones finales y resoluciones de la Oficina de Gerencia de Permisos, la Junta Adjudicativa, el Profesional Autorizado o de los Municipios Autónomos. Ello, de igual forma, para promover que el Tribunal Supremo continúe cumpliendo eficientemente su función como órgano de revisión y apelación”.