Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **JOSE M. TORAL MUÑOZ**<br><br>Recurrido<br><br><br>v.<br><br><br>**RAFAEL CINTRON PERALES Y OTROS**<br><br>Peticionario | KLCE202500085 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Guaynabo**<br><br>Caso Núm.:<br>**GB2024CV00980 (Salón 202)**<br><br>Sobre: **ACEPTACION, RENUNCIA, REMOCIÓN O SUSTITUCIÓN DE ALBACEA** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Comparece ante nos Rafael Cintrón Perales, en adelante, Cintrón Perales o peticionario, mediante un recurso de *certiorari* y una petición de orden en auxilio de jurisdicción, para que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Guaynabo, en adelante, TPI-Guaynabo. En la misma, el Foro Recurrido declaró *"No Ha Lugar"* la solicitud de traslado presentada por el peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* expedir los mismos.

**I.**

El 6 de noviembre de 2024, se presentó una *"Demanda"* por José M. Toral Muñoz, en adelante, Toral Muñoz o recurrido, en el TPI-Guaynabo, contra el peticionario y otros codemandados, para la destitución de Cintrón Perales como albacea de la Sucesión

Rigoberto Figueroa Figueroa y restitución de dinero.[1] Los otros demandados son Juan Vega Martínez, en adelante, Vega Martínez, y la Fundación Rigoberto Figueroa Figueroa, en adelante, Fundación. Por ser importante a la controversia que nos ocupa, resaltamos que la dirección física o postal del peticionario yace en el Municipio de Bayamón.[2] Sin embargo, las direcciones de los otros dos demandados surgen del Municipio de Guaynabo.[3]

Luego de varios trámites procesales que no requieren ser reseñados, Cintrón Perales radicó una *"Moción de Traslado"* el 27 de noviembre de 2024.[4] En la misma, arguyó que los pleitos deben ser radicados *en la sala en que tengan establecidas sus residencias las partes demandadas.* Por estar la residencia del peticionario en el Municipio de Bayamón, concluye el peticionario que la Sala de Guaynabo tiene competencia. Por todo lo cual, solicitó que se trasladara la demanda de este caso a la Sala de Bayamón.

Ahora bien, la codemandada Fundación radicó una *"Moción en Oposición a Traslado"* el 28 de noviembre de 2024.[5] En su escrito, la Fundación expone que la norma estatuida sobre competencia requiere que las demandas sean presentadas en la sala en la que, *al menos uno de los demandados*, tenga establecida su residencia. Además, Toral Muñoz radicó su *"Oposición a Moción de Traslado"* el 3 de diciembre de 2024 por los mismos fundamentos.[6] Por su parte, el codemandado Vega Martínez presentó una *"Moción sobre Solicitud de Traslado"* el 4 de diciembre de 2024, en la que se allanó al traslado solicitado por Cintrón Perales, y solicitó el mismo.[7]

---

[1] Apéndice del recurso, pág. 64.
[2] Apéndice del recurso, pág. 65.
[3] *Id.*
[4] *Id.*, pág. 14.
[5] *Id.*, pág. 152.
[6] *Id.*, pág. 155.
[7] *Id.*, pág. 18.

Las partes litigaron a través de varias oposiciones, réplicas y reacciones, sus posturas respecto al traslado solicitado por el peticionario.[8] Finalmente, el TPI-Guaynabo notificó una *"Resolución"* el 12 de diciembre de 2024, en la que declaró *"No Ha Lugar"* las peticiones de traslado de Cintrón Perales y Vega Martínez.[9] Ese mismo día, el peticionario presentó una *"Moción de Reconsideración"* ante el Foro Recurrido.[10] Sin embargo, esta fue declarada *"No Ha Lugar"* el 14 de enero de 2025.

Inconforme con este resultado, Cintrón Perales recurre ante esta Curia mediante un recurso de *certiorari* el 30 de enero de 2025, haciendo los siguientes señalamientos de error:

> **PRIMER ERROR:** ERRÓ EL TPI AL DECLARAR "NO HA LUGAR" LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA CON RELACIÓN A LA DENEGATORIA DE LA SOLICITUD DE TRASLADO DEL CASO A LA SALA CON COMPETENCIA PARA ENTENDER EN EL MISMO, LA SALA DE BAYAMÓN.
>
> **SEGUNDO ERROR:** ERRÓ EL TPI AL DECLARAR "NO HA LUGAR" LA SOLICITUD DE TRASLADO PRESENTADA POR CINTRÓN PERALES, MOTIVANDO ASÍ LA PRESENTACIÓN DE LA MOCIÓN DE RECONSIDERACIÓN.
>
> **TERCER ERROR:** ERRÓ EL TPI AL NO TRASLADAR EL CASO A LA SALA CON COMPETENCIA (SALA DE BAYAMÓN), DE CONFORMIDAD CON LAS DISPOSICIONES DE LAS REGLAS 3.2, 3.5 Y 3.6 DE PROCEDIMIENTO CIVIL, AUN CUANDO EL ÚNICO DEMANDADO CONTRA QUIEN SE PRESENTA RECLAMACIÓN ES EL COMPARECIENTE Y ÉSTE RESIDE EN BAYAMÓN.
>
> **CUARTO ERROR:** ERRÓ EL TPI AL DECLARAR "NO HA LUGAR" A LA SOLICITUD DE RECONSIDERACIÓN LUEGO DE HABER DEMOSTRADO QUE CONFORME A LAS REGLAS DE PROCEDIMIENTO CIVIL Y LA JURISPRUDENCIA APLICABLE, ES LA SALA DE BAYAMÓN LA SALA CON COMPETENCIA Y JURISDICCIÓN SOBRE EL ASUNTO DE AUTOS, HABIÉNDOSE ALLANADO EL CODEMANDADO VEGA, EN CONTRA DE LA CUAL NO SE

---

[8] Apéndice del recurso, págs. 158-164; 205-244.
[9] *Id.*, pág. 13.
[10] *Id.*, pág. 3.

FÓRMULA RECLAMACIÓN ALGUNA, AL TRASLADO DEL CASO A LA SALA DE BAYAMÓN, LUGAR DE RESIDENCIA DEL PETICIONARIO.

Ese mismo día, el peticionario presentó *"Solicitud de Orden en Auxilio de Jurisdicción"* solicitando que paralicemos las vistas señaladas por el TPI-Guaynabo para los días 13 y 14 de febrero de 2025.

Por todo lo cual, este Tribunal emitió una *"Resolución"* el 30 de enero de 2025, en la que ordenamos a la parte recurrida a expresar su posición en cuanto a la solicitud en auxilio de jurisdicción y el recurso de *certiorari*, en o antes del *6 de febrero de 2025*. El día 4 de febrero de 2025, Toral Muñoz presentó su oposición a la expedición de este recurso, y Vega Martínez radicó una moción en la que revalidó su allanamiento al traslado.

Perfeccionado el recurso ante nuestra consideración, procedemos a expresarnos.

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al.*

*v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un

fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Jurisdicción y Competencia

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *Freire Ruiz de Val y otros v. Morales Román*, 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W. Construction, LLC*, 2024 TSPR 69, 213 DPR ___ (2024); *R & B Power Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR

239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012). Como cuestión privilegiada, un planteamiento sobre jurisdicción en la materia puede hacerse en cualquier etapa del procedimiento.

Ahora bien, en el ejercicio de auscultar la jurisdicción de un foro judicial, debemos tener presente que nuestra Constitución dispone que "[l]os tribunales de Puerto Rico constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración". Art. V, Sec. 2, Const. PR, LPRA, Tomo 1, ed. 2016, pág. 426. Véase, además: Art. 2.001 de la Ley de la Judicatura de Puerto Rico de 2003, en adelante, Ley de la Judicatura, Ley Núm. 201-2003, 4 LPRA sec. 24b. Este precepto constitucional establece, además, la facultad de la Asamblea Legislativa, no de limitar nuestra jurisdicción, sino de determinar la **competencia** y organización de los tribunales. *Fuentes Bonilla v. ELA*, 200 DPR 364, 373 (2018).

***Lo cierto es que el análisis de competencia es la manera de canalizar la jurisdicción a través de los foros judiciales***. *Fuentes Bonilla v. ELA,* supra, pág. 374. Véase, además, *Horizon v. JTA. Revisora, RA Holdings,* 191 DPR 228, 235 (2014). Conforme ha expresado el Alto Foro, después de la aprobación de la Constitución de Puerto Rico, la "distinción entre la jurisdicción y la competencia

está coordinada con la diferencia entre el poder del tribunal y la conveniencia de los litigantes, los tribunales y los testigos". *Fuentes Bonilla v. ELA,* supra, pág. 374. Véase, además, *Rodríguez v. Registrador,* 75 DPR 712, 717 (1953). Así pues, "las normas de competencia buscan establecer la tramitación ordenada de los asuntos judiciales en nuestro sistema de jurisdicción unificada". *Fuentes Bonilla v. ELA,* supra, pág. 375. Véase, además, *Lemar S.E. v. Vargas Rosado,* 130 DPR 203, 207 (1992).

La Regla 3 de Procedimiento Civil, supra, gobierna lo relativo a la competencia del Tribunal de Primera Instancia. Dicha Regla tiene como finalidad establecer la ordenada tramitación de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada. *Rodríguez v. Cingular,* 160 DPR 167, 172 DPR 172 (2003); *LEMAR S.E. v. Vargas Rosado,* 130 DPR 203, 207 (1992).

Respecto a la competencia, dentro de nuestro sistema de jurisdicción única, la Regla 3.2 de Procedimiento Civil, supra, dispone:

> ***Regla 3.2. Competencia***
>
> Todo pleito se presentará en la sala que corresponda según lo dispuesto por ley y por estas reglas, pero no se desestimará ningún caso por razón de haberse sometido a una sala sin competencia.
>
> Todo pleito podrá tramitarse en la sala en que se presente por convenio de las partes y la anuencia fundamentada del juez o jueza que presida dicha sala en ese momento. De lo contrario, será transferido por orden del juez o jueza a la sala correspondiente.

Específicamente, y pertinente al caso de marras, la **Regla 3.5** de Procedimiento Civil, supra, provee que *la competencia será la residencia de los demandados,* salvo contadas excepciones, a saber:

> En todos los demás casos, el pleito deberá presentarse en la sala en que ***tengan establecidas sus residencias las partes demandadas, o alguna de ellas,*** con excepción de los casos de reclamación de salarios en los que el pleito se

tramitará en la sala correspondiente a la residencia de la parte demandante. En los casos de alimentos, el pleito se tramitará en la sala correspondiente a la residencia de los(las) menores. Si ninguna de las partes demandadas reside en Puerto Rico o si la parte demandante ignora el lugar donde residen, el pleito se presentará en cualquier sala del Tribunal de Primera Instancia. En caso de que sean comerciantes, sociedades, ***corporaciones*** y asociaciones que tengan oficina o agente en diferentes lugares, *podrán ser demandados en la sala del lugar en que tengan su centro de operaciones, oficina principal o agente*, o en el lugar en que se hayan obligado.

*Rodríguez v. Cingular*, supra, pág. 174.

Énfasis nuestro.

### III.

En el caso de autos, el peticionario recurre ante esta Curia mediante el recurso discrecional de *certiorari* y una solicitud de *orden en auxilio de jurisdicción*. En apretada síntesis, Cintrón Perales arguye que el TPI-Guaynabo se equivocó al denegar el traslado de la *"Demanda"* incoada por Toral Muñoz en su contra a la Sala de Bayamón.

Luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar el recurso de epígrafe, denegamos la expedición del certiorari. *Dos (2) de los codemandados en la demanda ante el Foro Primario residen en el Municipio de Guaynabo.* Este Tribunal ha evaluado detenidamente el expediente, así como la normativa que encausa la controversia sobre competencia presentada en este recurso, y no hemos identificado el alegado abuso de discreción del Foro Recurrido, ante la denegación del traslado solicitado por el peticionario.

Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra, y los criterios evaluativos de la Regla 40 de nuestro

Reglamento, supra, declinamos entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia.

**IV.**

Considerado el recurso de *certiorari* y la *moción en auxilio de jurisdicción* que lo acompañó, y amparados en el ejercicio discrecional que nos confiere el derecho estatutario y la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 para ello, *denegamos expedir el auto solicitado y la paralización de los procesos en el Foro Recurrido.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones