LEMAR S.E. (APOLO SHOPPING CENTER), demandante y recurrido, *v.* JOSÉ A. VARGAS ROSADO, demandado y peticionario.

*Número:* CE-91-765          *Resuelto:* 20 de marzo de 1992

*Juan Manuel Adorno Peña*, abogado del peticionario; *Enrique Nassar Rizek*, abogado de la recurrida.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

# I

El 19 de septiembre de 1991, Lemar (Apolo Shopping Center) S.E. (en adelante Lemar) presentó ante el Tribunal Superior, Sala de Bayamón, una demanda de desahucio en precario contra José Vargas Rosado. La demandante alegó que es titular de un bien inmueble sujeto al régimen de propiedad horizontal ubicado en el Barrio Caimito del sitio de Río Piedras de San Juan y que el demandado "ocupa un espacio de aproximadamente Seiscientos pies cuadrados (600.00 p.c.) en el área de estacionamiento [de dicho inmueble], en cuyo lugar ubicó una cantina rodante". Apéndice 2 de la Contestación a orden para mostrar causa, pág. 2. Continuó alegando que el demandado se ha negado a desalojar este espacio y que "detenta el mismo sin derecho alguno en ley, a pesar de los requerimientos de la parte Demandante". Íd.

El 28 de octubre de 1991, luego de una serie de trámites procesales que incluían la presentación de una moción de desestimación en la cual el demandado alegó que el 23 de septiembre de 1991, al entregársele el emplazamiento, no se le entregó copia de la demanda, la parte demandada presentó una moción en la solicitaba el traslado del caso a la Sala de San Juan. En dicha moción expresó que el 24 de octubre, en una vista, se dio por emplazada para no dilatar los procedimientos. Continuó arguyendo que como de la faz de la demanda surge que el tribunal con competencia es el Tribunal Superior, Sala de San Juan, procedía el traslado del caso a dicho tribunal.

La parte demandante se opuso al traslado alegando que al retirar la moción de desestimación la parte demandada se sometió a la competencia del tribunal, y que habiendo dado el tribunal su anuencia tácita procedía que se viese allí el caso. Arguyó también que la moción de traslado se presentó pasado el término de treinta (30) días que establece la Regla 3.5 de Procedimiento Civil, 32 L.P.R.A. Ap.

III, ya que al "retirar la Moción de Desestimación y someterse a la competencia del Tribunal el demandado [dió] por inexistente la radicación de la Moción" —Apéndice 7 de la Contestación a orden para mostrar causa, pág. 3— y que, por lo tanto, el punto de partida para contar el término reglamentario de treinta (30) días era el de la fecha en que fue emplazado el demandado, no cuando se sometió a la jurisdicción del tribunal.

El 5 de noviembre la parte demandada contestó la demanda y reconvino. El 6 de noviembre el tribunal denegó el traslado y el 12 de noviembre dictó una resolución en la cual hizo la determinación siguiente:

La acción en daños incluida en la reconvención no es acumulable en una de desahucio. En esta última, que constituye un procedimiento especial de naturaleza sumaria, se persigue *recuperar* la posesión de la propiedad. In fine, se determina no ha lugar a la reconvención. (Énfasis en el original suprimido y énfasis suplido.) Apéndice II de la Solicitud de *certiorari*, pág. 2.

El 21 de noviembre la parte demandada presentó una petición de *certiorari* para revisar las resoluciones del 6 y 12 de noviembre. Alegó la comisión de dos (2) errores:

PRIMER ERROR Erró el Honorable Tribunal al declarar NO HA LUGAR a la solicitud de Traslado, aún cuando dicha solicitud le fue presentada en tiempo y cuando la actuación de JOSE en la primera comparecencia es correcta en derecho y no constituye una sumisión a la competencia del Tribunal.

SEGUNDO ERROR Cometió manifiesto error el Honorable Tribunal al declarar NO HA LUGAR a la solicitud para que el presente litigio se convirtiera en uno de carácter ordinario ante las alegaciones de que JOSE se encontraba al día en sus pagos, y ante la defensa de que el espacio rentado por JOSE está sujeto a la Ley de Alquileres Razonables y toda vez que LEMAR no aduce ninguna razón en ley para su demanda de desahucio en precario. (Énfasis suprimido.) Solicitud de *certiorari*, pág. 5.

El 25 de noviembre de 1991 emitimos la resolución siguiente:

La parte demandada recurrente se sometió a la jurisdicción del tribunal de instancia el 24 de octubre de 1991 y presentó moción de traslado el 28 de octubre. El inmueble objeto de la acción de desahucio está ubicado en el Barrio Caimito del sitio de Río Piedras, San Juan. De otra parte, el contrato de arrendamiento suscrito el 16 de mayo de 1989, entre la parte demandada y el anterior dueño del área arrendada, fue por término de "tres años prorrogable a tres más, y así sucesivamente". Tomando en consideración los hechos anteriormente expuestos, se concede a la parte demandante recurrida, el término de veinte (20) días contados a partir de la notificación de esta resolución, para que muestre causa por la cual no deberíamos revocar las órdenes recurridas, proceder a trasladar el caso al Tribunal Superior, Sala de San Juan, y ordenar que el mismo se ventile por la vía ordinaria. En auxilio de nuestra jurisdicción paralizamos la vista señalada para el 12 de diciembre de 1991 hasta que otra cosa disponga el Tribunal.

La parte recurrida ha comparecido. Sus argumentos no nos convencen; procede resolver según lo intimado.

## II

Competencia es "la manera en que se organiza, se canaliza el ejercicio de la jurisdicción que tiene el tribunal". M.A. Velázquez Rivera, *Jurisdicción y competencia de los tribunales de Puerto Rico*, 48 (Núm. 1) Rev. Jur. U.P.R. 27, 29 (1979). De otra parte, las reglas de competencia son las que establecen la ordenada tramitación de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada. Regla 3 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952, según enmendada, 4 L.P.R.A. secs. 61 y 62; Art. V, Sec. 2, Const. E.L.A., L.P.R.A., Tomo 1. La competencia, por su naturaleza, puede obviarse si concurren el acuerdo de las partes y la anuencia del juez. Regla 3 de Procedimiento Civil, *supra.* Sin embargo, los jueces deben tener presente que el no atenerse a las reglas de competencia puede conducir a la anarquía y resultar en detrimento de "una solución

justa, rápida y económica de todo procedimiento". Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. De no existir razones de peso, los jueces de instancia deben de abstenerse de dar su anuencia si de la faz de la demanda aparece que no se está ante el tribunal competente. Bajo estas circunstancias, dar su anuencia constituiría un abuso de discreción. Lo que procede en estos casos es que el tribunal, motu proprio, dé traslado del caso al tribunal con competencia. Cualquier determinación adversa sobre competencia se revisará "únicamente dentro del propio caso ...". *Seijo v. Mueblerías Mendoza*, 106 D.P.R. 491, 494 (1977).

En el caso de autos, de la faz de la demanda surge que el tribunal competente es el Tribunal Superior, Sala de San Juan. Art. 622 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2823. De los escritos presentados por las partes, tanto en instancia como ante nos, no surge que hubiera alguna justificación para que el caso no se viera en el foro con competencia. El tribunal de instancia tampoco adujo razón alguna para haber dado su anuencia. El tribunal debió haber trasladado, motu proprio, el caso al tribunal competente; abusó de su discreción al dar su anuencia.

■ Cabe señalar, además, que el peticionario presentó su moción de traslado apenas cuatro (4) días después de haber retirado la moción de desestimación por falta de jurisdicción sobre la persona y de haberse sometido a la jurisdicción del tribunal "para evitar dilaciones". Bajo esta circunstancia entendemos que la interpretación más razonable de las normas procesales aplicables es que el término establecido en la Regla 3.5 de Procedimiento Civil, *supra*, para solicitar el traslado comenzó a decursar el día en que el demandado se sometió voluntariamente a la jurisdicción del tribunal. La moción de traslado se presentó en tiempo.

El error señalado se cometió.

## III

■ Con relación al segundo error —el denegar la solicitud para que el caso se tramitara como uno de carác ter ordinario— el foro de instancia también se equivocó. Veamos. En su contestación a la demanda Vargas Rosado alega que detenta la propiedad válidamente por haber suscrito un contrato de arrendamiento con el anterior dueño del bien inmueble, que está al día en los pagos y que lo cobijan las disposiciones del Art. 12 de la Ley de Alquileres Razonables, Ley Núm. 464 de 25 de abril de 1946, según enmendada, 17 L.P.R.A. sec. 192.(1) De otra parte, la demandante Lemar arguye que el peticionario "carece de derecho a ocupar un espacio de estacionamiento de aproximadamente 600 pies cuadrados que ubica en el APOLO SHOPPING CENTER, inmueble que opera bajo el Régimen de Propiedad Horizontal" —Contestación a orden para mostrar causa, págs. 12–13— y que por ser el área de estacionamiento un elemento común general no es susceptible de enajenación particular para uso y disfrute por una persona en particular con exclusión de los demás. Continuó arguyendo que "[e]l dueño anterior del inmueble, o la parte Demandante-Recurrida como tal, no podrían legalmente constituir un contrato obligatorio sobre un espacio que no es susceptible de utilización privada ...". Íd., pág. 14.

■ Estamos de acuerdo con la parte demandada en que para resolver el presente caso el tribunal tendrá que pasar juicio sobre varias complejas controversias que no son sus-

---

(1) El Art. 12 de la Ley de Alquileres Razonables, Ley Núm. 464 de 25 de abril de 1946, según enmendada, 17 L.P.R.A. sec. 192, dispone:

"*Sec. 192. Prórroga obligatoria del contrato de arrendamiento*

"Llegado el día del vencimiento pactado en el contrato de arrendamiento de una propiedad de alquiler, aunque cambie el propietario éste se prorrogará obligatoriamente para el propietario y potestativamente para el inquilino sin alteración de ninguna de sus cláusulas todas las cuales se reputarán vigentes. La anterior es aplicable tanto a contratos escritos como a convenios orales y la prórroga se entenderá por los plazos que fija el Artículo 1471 del Código Civil, sec. 4092 del Título 31."

ceptibles de ventilarse en un procedimiento sumario. En su día el foro de instancia tendrá que oír la prueba y pasar juicio sobre las alegaciones del demandado de que posee un contrato de arrendamiento válido y que le es aplicable el Art. 12 de la Ley de Alquileres Razonables, *supra*, y sobre las alegaciones de la parte demandante de que se trata de un elemento común general de una propiedad sujeta al Régimen de Propiedad Horizontal, no susceptible de utilización privada.

Por todo lo antes expuesto, *se dictará sentencia en la que se expide el auto solicitado, se revocan las resoluciones dictadas por el Tribunal Superior, Sala de Bayamón, el 6 y 12 de noviembre de 1991, se traslada el caso al Tribunal Superior, Sala de San Juan, se ordena que el mismo se ventile por la vía ordinaria y se devuelve al foro de instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.*

Los Jueces Asociados Señores Rebollo López y Fuster Berlingeri no intervinieron.