Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| JORGE RODRÍGUEZ ALICEA<br><br>Peticionaria<br><br>v.<br><br>MONIKA RODRÍGUEZ GONZÁLEZ<br><br>Recurrida | KLCE202400176 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso número: AR2022RF00688<br><br>Sobre: ALIMENTOS |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Comparece ante *nos*, Jorge Rodríguez Alicea (Rodríguez Alicea o peticionario) y nos solicita que revisemos una *Orden* emitida el 11 de enero de 2024, notificada ese mismo día, por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo. Mediante dicho dictamen, el TPI determinó, entre otras cosas, que Rodríguez Alicea no tiene derecho a obtener ningún tipo de información sobre el cuido de la menor, directamente de la institución que lo provee, estableciendo que primero debe solicitarle cualquier información a Monika Rodríguez Gonzalez (Rodríguez González o recurrida) y de esta no proveerla recurrir al Tribunal.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se *confirma* la *Orden* recurrida.

**I.**

El 24 de agosto de 2022, Rodríguez Alicea presentó una *Petición de Alimentos*. En ajustada síntesis, adujo que sostuvo una relación extramarital con Rodríguez González de la cual nació la menor L.R.R. Arguyó que Rodríguez González tiene la custodia física de la menor y que entre las partes no se ha establecido una pensión

Número Identificador

SEN2024 _____

alimentaria formal a favor de la menor. Por lo cual, solicitó que se ordenara la celebración de una vista para fijación de alimentos ante el Examinador de Pensión Alimentaria.

Así las cosas, el 2 de noviembre de 2022, se llevó a cabo la Vista ante el Examinador de Pensiones Alimentarias y las partes llegaron a una estipulación. Posteriormente, el 18 de noviembre de 2022, Rodríguez Alicea presentó una *Moción Urgente Para qué No Se Acoja Informe de la EPA*. Planteó que en el proceso surgió que la menor tenía un gasto de cuido que no le fue consultado y que tampoco fue aprobado por el Tribunal. Indicó, además, que no objetó el gasto ante el Examinador de Pensiones Alimentarias porque no sabía que tenía ese derecho. Añadió que inició una acción de patria potestad, custodia y relaciones filiales donde objetó el gasto de cuido de la menor por ser uno en violación a la patria potestad del padre, quien cuenta con recursos para el cuidado de la menor. Consecuentemente, se retractó de cualquier estipulación hasta tanto se resolviera la controversia del cuido de la menor.

Oportunamente, el 1 de diciembre de 2022, Rodríguez Alicea presentó una moción desistiendo voluntariamente del caso. El 2 de diciembre de 2022, Rodríguez González presentó una oposición a la moción para que no se acoja el Informe del Examinador. Esgrimió que, durante la Vista ante el Examinador de Pensiones Alimentarias, libre y voluntariamente, llegaron al acuerdo que dio lugar al Informe y que el Examinador realizó preguntas dirigidas a corroborar la razonabilidad del cuido. Así, manifestó que el desconocimiento del derecho de contar con un recurso para el cuido de la menor, no da lugar a que se deje sin efecto el acuerdo entre las partes.

El 8 de diciembre de 2022, el TPI notificó la *Sentencia* emitida el 18 de noviembre de 2022. En esta, el TPI aprobó el Informe del Examinador de Pensiones Alimentarias y, en consecuencia, las

estipulaciones a las que llegaron las partes. Oportunamente, Rodríguez Alicea presentó una *Moción de Reconsideración*. En la misma, señaló que al presentar la moción de desistimiento y no existiendo una alegación responsiva de Rodríguez González, el Tribunal debió decretar el desistimiento sin perjuicio.

Subsiguientemente, el 12 de diciembre de 2022, el TPI emitió una *Orden* mediante la cual declaró *Ha Lugar* la solicitud de desistimiento voluntario y dejó sin efecto la *Sentencia*. Insatisfecha, Rodríguez González acudió ante *nos* y el 8 de marzo de 2023, emitimos una *Sentencia* mediante la cual revocamos la *Orden* del 12 de diciembre de 2022.

Luego de varios incidentes procesales, el 8 de noviembre de 2023, Rodríguez Alicea presentó una *Moción Urgente en Solicitud de Remedio*. A grandes rasgos, alegó que posee la patria potestad de la menor. Sostuvo que se había personado al cuido de la menor y le negaron información, salvo autorización de la madre, Rodríguez González. Agregó que se trata de una violación más al derecho a la patria potestad, ya que Rodríguez González no lo tiene autorizado en el cuido.

El 20 de diciembre de 2023, Rodríguez González presentó un escrito titulado *Cumplimiento de Orden Oponiéndonos a "Moción Urgente"*. Acentuó que los asuntos relacionados a la patria potestad de la menor se están ventilando en el caso AR2022RF00855. Explicó que en el caso de autos solo se atiende el asunto de los alimentos y que la controversia que pende ante el Tribunal está relacionada con el gasto del cuido de la menor. Resaltó, además, que en el caso de alimentos nunca ha estado en controversia que ambas partes tienen la patria potestad de la menor y que eso no significa que en el caso de alimentos procede atender todos los asuntos relacionados con la

custodia, la patria potestad y/o con las relaciones filiales que no tengan que ver con el incidente del retracto de los alimentos.

En vista de ello, el 11 de enero de 2024, el TPI emitió una *Orden* mediante la cual dispuso:

> Con el beneficio de la comparecencia de ambas partes. El Tribunal deniega la moción titulada "Moción Urgente en Solicitud de Remedio." La misma no es específica en cuanto a que información solicitó y que información se le negó en el cuido. Por lo que el Tribunal no está [en] posición de resolver ninguna controversia.

> Se le ordena a la parte demandante que no puede ir al cuido a solicitar ningún tipo de información y mucho menos la información económica del mismo. Y el cuido no está obligado a entregarle ninguna información al demandante. Cualquier información que desee solicitar respecto al cuido primero tiene que solicitarla por escrito a la parte demandada y de no obtenerla debe solicitarla mediante moción con certificación de las gestiones realizadas.

> El Tribunal ha sido claro en sus órdenes y le apercibe que el incumplimiento de las órdenes del Tribunal conllevara sanciones económicas por una cuantía no menor de $500.00.

Inconforme con esa determinación, el 12 de febrero de 2024, Rodríguez Alicea acudió ante *nos* mediante un recurso de *certiorari* y señaló la comisión del siguiente error:

> **ERRÓ EL TPI AL ESTABLECER QUE EL PADRE NO PUEDE TENER ACCESO DIRECTO A INFORMACIÓN DEL CUIDO DE LA MENOR A SER PROVISTA POR LA INSTITUCIÓN QUE LA OFRECE, EN VIOLACIÓN Y RESTRICCIÓN ABIERTA A SU DERECHO A LA PATRIA POTESTAD Y AL DERECHO A UN DEBIDO PROCESO DE LEY PUESTO A QUE NUNCA SE HA CELEBRADO VISTA EVIDENCIARIA ALGUNA PARA RESTRINGIR O LIMITAR LA PATRIA POTESTAD DEL PADRE.**

El 21 de febrero de 2024, este Tribunal emitió una *Resolución* mediante la cual se le concedió un término de veinte (20) días a Rodríguez González para que presentara su posición al recurso. El 12 de marzo de 2024, Rodríguez González presentó su oposición al recurso de *certiorari.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. Certiorari

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra*. No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra*.

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de

relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Sin embargo, la jurisdicción para atender el auto está atada, entre otras cosas, a la fecha de su presentación. A estos efectos, la Regla 32(D) del Reglamento de este Tribunal dispone que "[e]l recurso de certiorari para revisar cualquier otra resolución u orden [...] del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida". Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Este término es de cumplimiento estricto. Íd.; *Pueblo v. Román Feliciano*, 181 DPR 679, 690 (2011).

**B. Competencia**

La competencia es la forma y manera en que se organiza y se canaliza el ejercicio de la jurisdicción que posee un tribunal. *Lemar S.E. v. Vargas Rosado*, 130 DPR 203 (1992). El objetivo es promover una mejor distribución de los asuntos y de los casos a través del sistema judicial con el ánimo de lograr la eficiente utilización de los recursos y con el objetivo final de hacer justicia. J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era Ed., 2012, pág. 50. Véase, además, *Vives Vázquez v. ELA*, 142 DPR 117 (1996). Esta norma posee suma importancia en lo relativo a la efectiva administración de la justicia. Echevarría Vargas, *op. cit.*

Así pues, la inobservancia de esta norma puede tener la consecuencia de conducir a la anarquía y resultar en detrimento de la solución justa, rápida y económica de todo procedimiento. *Lemar*

*S.E. v. Vargas Rosado, supra.* Este asunto no versa sobre un planteamiento jurisdiccional sino de manejo adecuado de casos. Echevarría Vargas, *op. cit.* Ello es así pues nuestro sistema judicial es uno de naturaleza unificado por lo que todos los tribunales en Puerto Rico poseen una jurisdicción similar y unitaria. *Ramírez v. Registrador,* 116 DPR 541 (1985).

Así, aunque nuestro sistema judicial es unificado, la jurisdicción se ejerce concretamente distribuyendo el trabajo judicial entre los distintos tribunales y salas que integran el Tribunal General de Justicia, de acuerdo con los principios normativos de competencia. *Cosme v. Hogar Crea,* 159 DPR 1 (2003).

### C. Patria potestad

La patria potestad se define como el conjunto de deberes y derechos que corresponden a los progenitores sobre la persona y los bienes de los hijos, desde que estos nacen hasta que alcanzan la mayoría de edad u obtienen su emancipación. Artículo 589 del Código Civil (32 LPRA sec. 7241). A su vez, la custodia es un componente de la patria potestad porque impone a los padres el deber primario de tener a sus hijos no emancipados bajo su compañía. *Jusino González v. Norat Santiago,* 2023 TSPR 47, 211 DPR ___ (2023). Véase, además, *Ex parte Torres Ojeda,* 118 DPR 469, 476 (1987). Es decir, la custodia es la tenencia o control físico que tiene un progenitor sobre los hijos. *Ex parte Torres Ojeda, supra,* pág. 477.

La patria potestad constituye una obligación que se le impone a los padres de educar, alimentar, cuidar de la salud física y mental y proteger a los menores sobre los que ostentan la patria potestad. *Vargas v. Soler,* 160 DPR 790 (2003). Dicha obligación debe ser ejercida responsablemente en atención siempre al mejor bienestar del menor. Íd.

**III.**

Como indicamos, el peticionario arguyó que incidió el foro de instancia al establecer que el padre no puede tener acceso directo a información del cuido de la menor a ser provista por la institución que la ofrece, en violación y restricción abierta a su derecho a la patria potestad y al derecho a un debido proceso de ley puesto a que nunca se ha celebrado vista evidenciaría alguna para restringir o limitar la patria potestad del padre. No le asiste la razón.

En primer lugar, debemos dejar claro que, el caso ante nuestra consideración es de alimentos y que existe un segundo caso entre las mismas partes en el cual se están atendiendo los asuntos relativos a la patria potestad. Por lo tanto, debido a que fue el propio peticionario quien presentó dos (2) pleitos independientes, todo asunto relativo a la patria potestad debe ser atendido en el caso AR2022RF00855.

En segundo lugar, luego de un análisis meticuloso del expediente ante *nos*, junto a la *Orden* emitida el 11 de enero de 2024, arribamos a la conclusión que no incidió el TPI al emitir la *Orden* recurrida. Esto, pues de entrada la *Moción Urgente en Solicitud de Remedio* que presentó el peticionario no es específica en cuanto a que información solicitó y que información se le negó en el cuido al que asiste la menor. Además, al analizar el escrito titulado *Cumplimiento de Orden Oponiéndonos a "Moción Urgente"* y que presentó la parte recurrida y las incidencias del pleito, podemos constatar que la parte peticionaria pretendió disfrazar una solicitud de descubrimiento de prueba con la presunta violación y restricción abierta a su derecho a la patria potestad ocurrida en el cuido de la menor.

Así pues, no incidió el TPI al emitir la *Orden* del 11 de enero de 2024, pues no se le violó ni restringió al peticionario de su

derecho a la patria potestad. Tampoco incurrió el foro de instancia en un abuso de discreción, no actuó con perjuicio y parcialidad y no erró en la apreciación o aplicación de cualquier normal procesal. Así, reiteramos que en el caso de autos se atienden los asuntos relativos a los alimentos de la menor L.R.R. y que todos los asuntos relativos a la patria potestad deben ser atendidos en el caso AR2020RF00855. No podemos permitir que la controversia por el pago del cuido, **que data de más de un año**, sea utilizada para adelantar otros intereses.

**IV.**

Por los fundamentos antes expuestos, *expedimos* al auto de *certiorari* y se *confirma* la *Orden* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones