Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL COQUÍ APARTMENTS administrado por FERNANDO L. SUMAZA & CO., LLC<br><br>APELADA<br><br>v.<br><br>ANA MARÍA CARDONA ECHEVARRÍA<br><br>APELANTE | KLAN202500055 | Apelación acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Civil Núm.: GM2024CV00697<br><br>Sobre: Desahucio por incumplimiento de contrato |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Comparece ante este Tribunal de Apelaciones la señora Ana María Cardona Echevarría (Sra. Cardona Echevarría; peticionaria) mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Guayama (TPI) el 10 de enero de 2025 y notificada en esta fecha. En el referido dictamen, el TPI desestimó la reconvención presentada por la peticionaria y mantuvo el trámite del caso por la vía sumaria.

Por recurrirse de una resolución interlocutoria, se acoge el recurso como *certiorari* y se conserva la identificación alfanumérica original asignada al recurso por la Secretaria del Tribunal de Apelaciones. Adelantamos la denegación del auto de *certiorari*.

**I**

El 18 de septiembre de 2024 Fernando L. Sumaza & Co., LLC (Sumaza & Co., LLC; recurrida), quien es administrador del edificio El Coquí Apartments, presentó una *Demanda* de desahucio por

incumplimiento de contrato.[1] Luego de varios trámites procesales, la peticionaria sometió el 12 de diciembre de 2024 una *Contestación a Demanda y Reconvención* donde esencialmente alegó que quien había incurrido en incumplimiento de contrato había sido la recurrida. Por tal motivo solicitó remedios en concepto de daños por el mencionado incumplimiento, por represalias y daños punitivos.[2] En esa misma fecha antes citada, también solicitó al tribunal que convirtiera el pleito a uno ordinario en vista de los alegados incumplimientos de Sumaza & Co., LLC.[3] La recurrida contestó mediante una *Moción de Desestimación de Reconvención* donde esencialmente arguyó que la reconvención presentada por la Sra. Cardona Echevarría era improcedente en derecho por estar en contravención al carácter sumario de una acción de desahucio.[4] Una vez presentada por la peticionaria la oposición a la desestimación, el foro primario emitió *Resolución* y determinó lo siguiente:

> Con el beneficio de la posición de ambas partes, el Tribunal procede declarar **CON LUGAR** a la Moción de Desestimación de Reconvención interpuesta por la parte demandante, en su consecuencia se **desestima** la Reconvención presentada por la parte demandada. Se continuará el trámite del caso a través de la vía sumaria. Se mantiene el señalamiento de **Juicio en su Fondo** pautado para el **24 de enero de 2025** a las **10:00 am**, mediante **videoconferencia**.[5] (Énfasis suplido.)

Inconforme con lo anterior, la Sra. Cardona Echevarría recurre ante nos y **señala como único error que el TPI se equivocó al desestimar su reconvención y no convertir el pleito a la vía ordinaria**. El 31 de enero de 2025 la recurrida presentó su oposición al recurso y este quedó perfeccionado. Posteriormente, el 19 de febrero de 2025, la peticionaria presentó el escrito titulado *Auxilio de jurisdicción*, en el cual solicita "que se

---

[1] Apéndice del recurso, págs. 2-5.
[2] Apéndice del recurso, págs. 15-21.
[3] Apéndice del recurso, págs. 22-23.
[4] Apéndice del recurso, págs. 25-27.
[5] Apéndice del recurso, pág. 1. La Resolución posteriormente fue enmendada para corregir la fecha del señalamiento para la **celebración del juicio en su fondo al 24 de febrero de 2025**. Véase la Entrada Núm. 32 del expediente electrónico del caso *El Coquí Apartments administrado por Fernando L. Sumaza & Co., LLC v. Ana María Cardona Echevarría*, GM2024CV00697, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

expida este recurso y paralice los procesos en el Tribunal de Primera Instancia." Con el beneficio de los escritos de las partes, resolvemos.

**II**

**A**

El desahucio es un procedimiento especial de naturaleza sumaria cuyo objetivo principal radica en recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente. *Mora Dev. Corp v. Sandín*, 118 DPR 733 (1987); *C.R.U.V. v. Román*, 100 DPR 318, 321 (1971). Tienen acción para promover el desahucio los dueños de una finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes. Art. 620 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA Sec. 2821. Dicha acción procede "contra los inquilinos, colonos y demás arrendatarios, los administradores encargados, porteros o guardas puestos por el propietario en sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna". Código de Enjuiciamiento Civil, Art. 621, 32 LPRA sec. 2822.

Cuando en un procedimiento de desahucio sumario surgen controversias complejas que impiden que el caso se pueda resolver por la vía sumaria, entonces procede que el TPI ordene que el caso se ventile por la vía ordinaria. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408 (2009); *Lemar S.E. v. Vargas Rosado*, 130 DPR 203 (1992). No obstante, esto no implica que dicha conversión no opera de manera automática, sino que descansa en la sana discreción judicial. *Crespo Quiñones v. Santiago Velázquez, supra*, págs. 431-432.

**B**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados*, 212 DPR 194, 207 (2023), que cita a *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven

de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […] 32 LPRA Ap. V, R. 52.1.

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. V. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000). Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta.*, *supra*, pág. 745.

**III**

Tal y como expusimos en el derecho aplicable, sabido es que los casos que se presentan ante el foro primario por motivo de desahucio se ventilan por la vía sumaria. No obstante, queda a discreción del magistrado si convertir este en uno ordinario siempre y cuando lo entienda meritorio. Luego de revisado el expediente ante nuestra consideración, no vemos que

el foro primario haya errado en desestimar la reconvención presentada y mantener el proceso sumario. Advenimos a dicha conclusión puesto que la peticionaria no logró establecer una defensa que no representara una dilación innecesaria de los procedimientos. Sus alegaciones por incumplimiento de contrato y daños deben ser dilucidadas en un proceso distinto. Por tanto, a la luz de las Reglas 52.1 de las de Procedimiento Civil y la Regla 40 del Tribunal de Apelaciones, no vemos motivo por el cual intervenir con la decisión del TPI puesto que no es contraria a derecho ni ha mediado prejuicio, parcialidad o error craso y manifiesto.

**IV**

Por los fundamentos anteriormente expuestos, se declara **no ha lugar la solicitud de auxilio de jurisdicción** y **se deniega la expedición del auto de certiorari**.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones