Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CONTINENTAL LORD, INC.<br><br>Parte Peticionaria<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE BAYAMÓN<br><br><br>Parte Recurrida | TA2025CE00135 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.: BY2025CV02079<br><br>Sobre: SENTENCIA DECLARATORIA Y ARBITRIOS DE CONSTRUCCION |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de agosto de 2025.

Comparece Continental Lord. Inc. (Continental) mediante recurso de *certiorari* incoado el 11 de julio de 2025. Solicita que revoquemos la *Orden de Traslado* emitida el 5 de junio de 2025, y notificada el 16 de julio de 2025, por el Tribunal de Primera Instancia (TPI), Sala de Bayamón.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

## I.

El caso ante nuestra consideración tiene su origen en una demanda presentada el 25 de abril de 2025 que plantea una controversia relacionada con la obligación de pagar arbitrios de construcción bajo el palio del Código Municipal.

El 8 de mayo de 2025, se diligenció el emplazamiento dirigido al Municipio Autónomo de Bayamón (Municipio). El 29 de mayo de

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

2025, el Municipio presentó una *Moción de Traslado*. Planteó que, a tenor con la Ley Núm. 123-2016 y la Orden Administrativa OAJP-2016-009 emitida el 28 de octubre de 2016 por la Jueza Presidenta del Tribunal Supremo, la competencia para ventilar un asunto técnico de naturaleza contributiva corresponde a la Sala Especializada en Asuntos Contributivos y Delitos Económicos que ubica en el Centro Judicial de San Juan, Sala Superior.

El 31 de mayo de 2025, Continental presentó una *Oposición a Moción Solicitando Traslado del Caso* alegando que:

> (a) la Ley Núm. 123-2016 no aplica a los arbitrios de construcción, (b) la controversia en este caso es una de puro y estricto derecho, que solo requiere interpretar dos leyes y la casuística, (c) no es una controversia técnica, (d) dada la clase de controversia en el presente caso, la misma no es mandatorio que se ventile en la Sala Especial, (e) no existiendo un mandato legislativo expreso a tales efectos, el TPI no tiene la obligación de trasladar el caso a la Sala especial, (f) aplican a esta controversia los casos similares resueltos por el Tribunal de Apelaciones en Pfizer Pharmaceuticals LLC v. Mun. de Vega Baja [KLCE201800058] y Charlie Car Rental v. Mun. de Carolina [KLCE202200371], y (g) el Municipio lo que hace con su moción es un "fórum-shopping".[2]

El 2 de junio de 2025, el Municipio presentó su *Réplica a Oposición Solicitando Traslado del Caso.*[3] En ésta reprodujo los argumentos esbozados en la *Moción de Traslado* y, añadió que, distinto a los casos citados por Continental, en el presente caso, el traslado se había solicitado en una etapa temprana del procedimiento y dentro del término establecido en la Regla 3.6 de Procedimiento Civil, que regula lo relacionado al traslado de pleitos. En lo que respecta al planteamiento de *forum shopping*, adujo que es Continental quien incurría en dicha práctica al intentar evadir un asunto que corresponde a la Sala Especializada. Por lo cual, el

---

[2] Véase, Expediente electrónico del caso BY2025CV02079 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada núm. 14.
[3] *Íd.,* Entrada núm. 15.

Municipio dedujo que procedía que se ordenara el traslado solicitado.

Evaluados los escritos presentados por las partes, el 16 de junio de 2025, el TPI notificó la *Orden de Traslado* recurrida, en virtud de la cual "orden[ó] el traslado del presente caso a la Sala Especializada en Asuntos Contributivos y Delitos Económicos en el Tribunal Superior de San Juan, conforme a la Regla 3.2 de las de Procedimiento Civil, 32 LPRA Ap. V".[4] El TPI dispuso que:

> De entrada, los casos mencionados del TA solo mencionan que "los trámites en ambos casos ya estaban bien adelantados en el TPI", y que el Tribunal de Primera Instancia tenía discreción para denegar la solicitud de traslado.
>
> Segundo, este Tribunal concurre con el Municipio a los fines de que "la Ley 123-2016 le aplica a una controversia sobre arbitrios de construcción municipales."
>
> Tercero, este Tribunal entiende que, además de ser una controversia de derecho, también es una controversia técnica sobre un asunto contributivo, y por ende, "debe verse en la Sala Especializada." Lo anterior a tenor con la Ley 123 de 5 de agosto de 2016 (la "Ley 123-2016").

La solicitud de reconsideración presentada por Continental el 23 de junio de 2025, fue denegada mediante *orden* emitida y notificada el 25 de junio de 2025.

Inconforme, el 11 de julio de 2025, Continental acudió ante nos mediante el presente recurso y apuntó los siguientes señalamientos de error:

> A. Erró el Tribunal de Primera Instancia al aplicar la Ley 123-2016 al caso, cuando la misma no es mandatoria ni aplicable a los arbitrios de construcción impuestos por los municipios.
>
> B. Erró el Tribunal de Primera Instancia al no darle el justo y debido peso que se merecen los dos casos resueltos por el Tribunal de Apelaciones sobre la misma materia, abusando así de su discreción.
>
> C. Erró el Tribunal de Primera Instancia al ordenar el traslado del pleito a la Sala Especializada, toda vez que la controversia planteada no requiere peritaje técnico.

---

[4] *Íd.,* Entrada núm. 21.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[5]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[6] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la

---

[5] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[6] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[7], se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[8]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[9] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

---

[7] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[8] *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).
[9] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

## B.

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[10] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[11]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[12] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[13] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[14]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[15]

---

[10] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[11] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[12] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).

[13] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular,* supra.

[14] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla,* supra, pág. 658.

[15] *SLG Zapata Rivera v. J.F. Montalvo,* supra, citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)).

**C.**

La Ley Núm. 123-2016 enmendó el Artículo 5.005 de la Ley Núm. 201-2003, a los fines de crear la Sala Especializada con el propósito de "promover que los tribunales de justicia ejerzan su rol con el mayor nivel de conocimiento y peritaje posible en controversias de materia contributiva que surjan de leyes especiales".[16] Por medio de la creación de la Sala Especializada, se pretendió "asegur[ar] la aplicación uniforme del Derecho Contributivo y la solución expedita de las controversias contributivas que surjan de cualquier ley que imponga algún tipo de contribución o tributo a favor del Estado Libre Asociado de Puerto Rico, o de cualquiera de sus instrumentalidades o subdivisiones...".[17] De igual modo, la Sala Especializada atiende "controversias de naturaleza civil que surjan de cualquier ley especial" que conceda alguna exención o crédito contributivo.[18]

Cónsono con lo anterior, el 28 de octubre de 2016, la Hon. Maite D. Oronoz Rodríguez, Jueza Presidenta del Tribunal Supremo, emitió la orden administrativa núm. OAJP-2016-009 con el propósito de implantar lo dispuesto en la Ley 123.

Por otro lado, las normas de competencia son las que establecen la ordenada tramitación de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada.[19] El fin perseguido a través de las reglas de competencia, al igual que las de traslado, es promover la mejor distribución de los casos y asuntos a través del sistema, procurando así una más eficiente utilización de los recursos y velando más cabalmente porque se haga justicia.[20] La competencia de las distintas salas del TPI en asuntos de naturaleza

---

[16] Véase Exposición de Motivos de la Ley Núm. 123-2016.
[17] *Íd.*
[18] *Íd.*
[19] *Rodríguez v. Cingular*, 160 DPR 167, 173 (2003); *Lemar S.E. v. Vargas Rosado*, 130 DPR 203, 207-208 (1992).
[20] *Vives Vázquez v. E.L.A.*, 142 DPR 117, 135 (1996).

civil está gobernada por las Reglas 3.2 a 3.5 de Procedimiento Civil, 32 LPRA Ap. V.

A su vez, la Regla 3.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 3.6, reglamenta lo relacionado con el traslado de pleitos. La Regla establece que:

> (a) Presentado un pleito en una sala que no sea la apropiada, si la parte demandada desea impugnar la falta de competencia de dicha sala, deberá presentar una moción, dentro de un término no mayor de treinta (30) días a partir de la fecha de la notificación de la demanda y el emplazamiento, para que el pleito sea trasladado a la sala correspondiente. La moción deberá establecer en detalle los hechos que fundamentan la solicitud de traslado, a menos que de la faz de la demanda o de los autos del caso surjan los hechos en que se funda la referida moción. De no presentarse escrito alguno en oposición a la moción de traslado dentro de los diez (10) días de haberse notificado la referida moción, el caso se trasladará a la sala correspondiente.
>
> La presentación de cualquier moción o de una alegación responsiva dentro del referido término de treinta (30) días no se considerará como una renuncia al derecho a solicitar el traslado.
>
> (b) Cuando la conveniencia de las personas testigos o los fines de la justicia así lo requieran, el tribunal podrá ordenar el traslado de un pleito de la sala en que se está ventilando a otra sala.

### III.

Nos abstenemos de intervenir con la orden de traslado del presente caso. Como bien puede observarse, el dictamen cuestionado no se encuentra dentro de las materias comprendidas en la Regla 52.1 de Procedimiento Civil, *supra*, que delimita los asuntos sobre los cuales podemos ejercer nuestra discreción para expedir guiada por los criterios de la Regla 40 de nuestro Reglamento, *supra.*

La orden de traslado se decretó en una etapa temprana del procedimiento y sobre una controversia que versa sobre una materia técnica relacionada con materia contributiva. Ante la ausencia de un claro abuso de discreción o un error de derecho, no intervendremos con la determinación del TPI. Tampoco se trata de

una situación que esté revestida de interés público o de un asunto en el cual esperar a la apelación constituya un fracaso irremediable de la justicia.

**IV.**

Por lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones