Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>V.<br><br>JORGE MEDINA RUTTELL<br><br>**ANGELIZ DEL RÍO TORRES**<br><br>**Apelante** | TA2025AP00049 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CR01130<br><br>Sobre: Ley 54 |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

El 24 de junio de 2025, compareció por derecho propio, ante este Tribunal de Apelaciones, la señora Angeliz Del Río Torres (en adelante, la parte apelante o señora Del Río Torres), mediante escrito intitulado *Criminal*, en el cual nos solicita que dejemos sin efecto una Orden *de Protección al amparo de la Ley 54*[1], alegadamente expedida a su favor en contra del señor Jorge Medina Ruttell (en adelante, señor Medina Ruttell).

Adelantamos que, por los fundamentos que se exponen a continuación, se *desestima* el recurso por falta de jurisdicción. Consecuentemente, se declara No Ha Lugar la moción en *Auxilio de Jurisdicción*.

**I**

En su escueto escrito, la parte apelante nos afirma que es la pareja del señor Jorge Emanuel Medina Ruttell, quien es paciente de salud mental. Nos relata que, "le sacamos una 408", refiriéndose

___

[1] Ley Núm. 54 del 15 de agosto de 1989, según enmendada, mejor conocida como "Ley para la Prevención e Intervención con la Violencia Doméstica".

a que el Tribunal expidió una *Orden de Detención Temporera para que la Persona sea Evaluada por un (una) Psiquiatra.*[2] La parte apelante indica que, el 21 de junio de 2025, ocurrió un suceso que mal interpretaron, ya que fue a solicitar ayuda para que le expidieran una Orden bajo Ley 408, pero que se la negaron al no estar legalmente casada con el señor Medina Ruttell. Alega que, en cambio, "le pusieron una Ley 54 sin mi con[s]entimiento." Arguye que el señor Medina Ruttell corre peligro en la cárcel, ya que lo pueden matar o él se puede suicidar. Expresó que es el deseo de ambos de seguir una vida tranquila, así como sus planes de casarse con el señor Medina Ruttell. Puntualizó que, no solicitó una orden de protección al amparo de la Ley 54. Señaló, además, que no podía pagar cinco mil dólares ($5,000.00) o cincuenta mil dólares ($50,000.00) de fianza. Nos solicitó que dejáramos sin efecto la aludida Orden de Protección bajo la Ley 54.

Al día siguiente, entiéndase, el 25 de junio de 2025, a las 9:43am, la parte apelante presentó ante este foro revisor, *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* presentados, así como una moción en auxilio de jurisdicción.

Habida cuenta de que la apelante no anejó a su escrito ni presentó ante este Tribunal copia de la aludida *Orden de Protección bajo la Ley 54*, ese mismo día, 25 de junio de 2025, emitimos una *Resolución* en la que, autorizamos a la señora Del Río Torres a litigar como indigente, por lo cual, se le eximió del pago de los aranceles. Asimismo, le concedimos hasta el lunes 30 de junio de 2025 para que presentara ante este foro, copia de la alegada Orden de

---

[2] Como parte de los anejos que acompañó con su escrito, obra una *Orden de Detención Temporera para que la Persona sea Evaluada por un (una) Psiquiatra*, expedida el 23 de junio de 2023, por el Tribunal de Primera Instancia, Sala Municipal de San Juan, solicitada por la señora Sheila Ruttell Colón, para su hijo, el señor Jorge Medina Ruttell, a los fines de que este llegue a la institución hospitalaria, se le mantenga en observación, sea evaluado y se le brinde el tratamiento adecuado.

Protección al amparo de la Ley 54, que solicita que dejemos sin efecto, así como cualquier otro documento que obre en el expediente **SJ2025CR01130**. Le apercibimos a la señora Del Río Torres que, el incumplimiento con lo ordenado daría lugar a la desestimación del recurso.

El día 30 de junio de 2025, la señora Del Río Torres presentó ante el este foro varios documentos, entre los que se encuentra un escrito sobre "Incumplimiento y negación de servicio a litigante indigente por parte del Tribunal de Primera Instancia en el caso SJ2025CR[0]1130". En el referido escrito nos señala, en esencia, que el 30 de junio de 2025 compareció ante el Tribunal de Primera Instancia desde las 8:00 hasta las 2:00pm y que solicitó copias de la querella y de cualquier orden jurada existente y obtener acceso a los documentos del caso y del proceso ante el Juez del Tribunal de Primera Instancia y de Fiscalía. Adujo que, se negaron a darle el servicio y a proporcionarle los documentos solicitados.

Presentó, además, un escrito en el cual relata una serie de sucesos, alegadamente ocurridos el día 21 de junio de 2025 y señala que se le violentaron sus derechos constitucionales; así como otro documento intitulado *Declaración Jurada.*[3]

Puntualizamos que, la señora del Río Torres incluyó entre los documentos presentados una *Petición de Orden de Protección al amparo de la Ley 54*, supra; **sin cumplimentar y no** la *Orden de Protección* alegadamente expedida a su favor y en contra del señor Medina Ruttell, la cual solicita que dejemos sin efecto.

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los

---

[3] Del referido documento no se desprende la información del notario ante quien alegadamente se suscribió el mismo ni el número de affidavit.

casos y las controversias que sean presentados a su atención. *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 214 DPR ___ (2024); *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 745 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020)[4]. Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subasta ASG*, supra; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022)[5]. La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, supra, pág. 107; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

**B. Cuestiones sobre jurisdicción y competencia: en general**

Ahora bien, en el ejercicio de auscultar la jurisdicción de un foro judicial, debemos tener presente que nuestra Constitución dispone que "[l]os tribunales de Puerto Rico constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento

---

[4] *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011)
[5] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

y administración".[6] Este precepto constitucional establece, además, la facultad de la Asamblea Legislativa, no de limitar nuestra jurisdicción, sino de determinar la competencia y organización de los tribunales. (Citas omitidas) *Fuentes Bonilla v. ELA*, supra, pág. 373.

Con la aprobación de la Constitución de Puerto Rico "nuestros tribunales dejaron de funcionar como células u órganos separados e independientes.  A partir de ese momento pasaron a formar una sola organización, un solo conjunto, un tribunal único".  (Énfasis suprimido).[7]  Desde entonces los tribunales de Puerto Rico —actualmente el Tribunal de Primera Instancia, el Tribunal de Apelaciones y el Tribunal Supremo de Puerto Rico— componen un Tribunal General de Justicia que, tanto legislativa como constitucionalmente, cuenta con una sola jurisdicción.[8]  Sin duda, la adopción del Art. V, Sec. 2 de la Constitución de Puerto Rico, LPRA, Tomo 1, evolucionó algunos aspectos que hasta entonces se trataban como asuntos de "jurisdicción" transformándolos en una nueva categoría que actualmente conocemos como "competencia".[9]

**La competencia es la forma como se canaliza la jurisdicción a través de los foros judiciales**.[10] (*Énfasis nuestro*). Conforme ha expresado el Alto Foro, después de la aprobación de la Constitución de Puerto Rico y de la Ley de la Judicatura de 1952, la distinción entre la jurisdicción y la competencia está coordinada con la diferencia entre el poder del tribunal y la conveniencia de los litigantes, los tribunales y los testigos.[11] Así pues, las normas de competencia buscan establecer la tramitación ordenada de los

---

[6] Art. V, Sec. 2, Const. PR, LPRA, Tomo 1, ed. 2016, pág. 426. Véase, además: Art. 2.001 de la Ley de la Judicatura de Puerto Rico de 2003 (Ley de la Judicatura de 2003), Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24b.

[7] *Id.*, pág. 23, citando a *Freire Ayala v. Vista Rent,* 169 DPR 418, 441 (2006).

[8] Véase Art. 2.001 de la Ley de la Judicatura de 2003, *supra*, 4 LPRA sec. 24b. Véase, además, *Freire Ayala v. Vista Rent*, supra, pág. 441.

[9] *Id*, pág. 374.

[10] *Horizon v. JTA. Revisora, RA Holdings*, supra, pág. 235.

[11] *Rodríguez v. Registrador*, 75 DPR 712, 717 (1953).

asuntos judiciales en nuestro sistema de jurisdicción unificada.[12] Por ello, como norma general, a través de la legislación promulgada podemos identificar cómo ésta se ha instituido a través de los foros judiciales.[13]

Respecto a la competencia, dentro de nuestro sistema de jurisdicción única, la Regla 3.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 3.2 dispone:

> **Regla 3.2. Competencia**
>
> Todo el pleito se presentará en la sala que corresponda según lo dispuesto por ley y por estas reglas, pero no se desestimará ningún caso por razón de haberse sometido a una sala sin competencia.
>
> Todo pleito podrá tramitarse en la sala en que se presente por convenio de las partes y la anuencia fundamentada del juez o jueza que presida dicha sala en ese momento. De lo contrario, será transferido por orden del juez o jueza a la sala correspondiente.

Es decir, en nuestro ordenamiento jurídico, el sistema unificado no implica que debamos abstraernos de las normas sobre competencia, que precisamente buscan favorecer la economía procesal. A tal respecto se ha resuelto que:

> [...] El mandato plasmado en la Sec. 2 del Art. V de la Constitución respecto a que los tribunales "constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración" – con miras a lograr la mayor eficiencia, distribución equitativa de trabajo, rapidez, especialización de jueces, economía y máxima flexibilidad – fue concebido por la Asamblea Constituyente sin menoscabo de la facultad legislativa "para determinar la competencia de los tribunales y para disponer que de acudir un litigante a un tribunal y para disponer que de acudir un litigante a un tribunal distinto al indicado por las leyes sobre competencia, la parte contraria p[odría] solicitar y obtener el traslado de la causa, o el tribunal mutu proprio... así disponerlo". 4 Diario de Sesiones de la Convención Constituyente 2609 (1951).
>
> *Polanco v. Tribunal Superior,* 118 DPR 350, a la pág. 354 (1987).

---

[12] *Lemar S.E. v. Vargas Rosado,* 130 DPR 203, 207 (1992).
[13] *Id*, pág. 374-375.

Por otro lado, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[14] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[15]

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[16], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**III**

En el caso que nos ocupa, la parte apelante nos plantea, en esencia, que el Tribunal de Primera Instancia, sin haberlo solicitado y sin su consentimiento, expidió a su favor y en contra del señor Medina Ruttell, una Orden de Protección al amparo de la Ley 54, *supra*, en lugar de una *Orden de Detención Temporera para que la Persona sea Evaluada por un (una) Psiquiatra*[17], al amparo de la *Ley*

---

[14] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).

[15] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

[16] Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 110, 215 DPR __ (2025).

[17] La apelante se refiere a la misma como Ley 408.

*de Salud Mental de Puerto Rico*, Ley Núm. 408 de 2 de octubre de 2000, según enmendada.

De entrada, es meritorio mencionar que el escrito presentado por la parte apelante incumple cabalmente con las disposiciones reglamentarias para su perfeccionamiento, lo que nos impide adentrarnos en la controversia que nos plantea.

Particularmente, la parte apelante no nos proveyó copia de la Orden de Protección al amparo de la Ley 54, *supra,* cuya revocación procura ni ningún documento relacionado a las incidencias procesales acaecidas ante el foro primario en el caso SJ2025CR01130.

Si bien es nuestro norte, proveerle acceso a la justicia a todo ciudadano, en este caso, no contamos con un dictamen que revisar, toda vez que, el mismo no nos fue provisto por la parte apelante, a pesar de haberle concedido la oportunidad para así hacerlo.

Consecuentemente, en la medida que no contamos con el dictamen cuya revocación se nos solicita ni ningún otro documento relacionado al caso ante el foro primario, estamos impedidos de ejercer nuestra función revisora.

**IV**

Por los fundamentos antes expuestos, se *desestima* el recurso por falta de jurisdicción.  Consecuentemente, se declara No Ha Lugar la moción en Auxilio de Jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones